[No. 6,575.—Department No. 1.]

## BUSTAMENTE ET AL v. STEWART.

INJUNCTION—DAMAGES—ATTORNEY'S FEES.—The amount recoverable, on account of attorney's fees, in an action upon an injunction bond, is limited to fees paid counsel for procuring the dissolution of the injunction, and does not extend to fees paid for defending the entire case.

ID.—ID.—NOMINAL DAMAGES—MAXIM.—In an action upon an injunction bond, after dissolution of injunction, there being no express proof of damages, the plaintiff claimed that they were entitled to judgment for nominal damages; but *held*, that however the general rule might be, the case was a fitting one for the application of the maxim "*De minimis non curat lex.*"

APPEAL from a judgment for the defendant, and an order denying a new trial, in the Eighteenth District Court, County of San Bernardino. McNEALY, J.

The facts are stated in the opinion.

*McConnell,* and *Andrew B. Paris,* for Appellants.

Nominal damages are presumed to follow from proof of breach of contract. (*Browner* v. *Davis,* 15 Cal. 9; *Attwood* v. *Fricot,* 17 id. 44; Civ. Code, § 3,369; *Groat* v. *Gillespie,* 25 Wend. 383; Sedg. Dam. § 47; *Ashby* v. *White,* Lord Raymond R. 938; Smith's L. C. 342.)

*Byron Waters,* for Respondent:

Cited High on Injunctions, §§ 973–4.

Ross, J.:

This is an action upon an injunction bond given in a suit brought by a certain Colony Association, as plaintiff, against these plaintiffs and others, as defendants, to recover damages for an alleged trespass upon certain lands, and praying also for the issuance of an injunction restraining the defendants from the commission of certain acts complained of. In that action the defendants were by an order of the Court enjoined from the commission of those acts. The injunction was finally dissolved, and the present plaintiffs sue to recover damages al-

leged by them to have been sustained by the wrongful issuance of the injunction.

After trial had, the Court below found that the plaintiffs sustained no damage by reason of the restraining order, except to the extent of the payment by them of attorney's fees in the action. The Court below also found that these fees were paid by each of the plaintiffs contributing a certain *pro rata* share out of his separate individual funds, and hence concluded that the plaintiffs had sustained no *joint* damage, and for that reason could not recover anything in this action.

It will not be necessary for us to say whether or not we agree with the lower Court in its view upon the question, since it is also found as a fact that the fees paid the attorneys in the case were paid under an agreement providing for the payment of a gross sum for services rendered in the entire litigation, both in the District and Supreme Courts, and upon the merits of the whole controversy. No distinct charges were made for services in procuring the dissolution of the restraining order, and no attempt was made to show what such services were worth.

We understand the law to be as stated by Mr. High in his work on Injunctions : " A reasonable amount of compensation paid as counsel fees in procuring the dissolution of an injunction may be recovered in an action upon the bond, if the injunction was improperly or wrongfully issued, *the amount being limited to fees paid counsel for procuring the dissolution, and not for defending the entire case.*" (High on Injunctions, §§ 973–4, and cases there cited.)

At the argument of this cause, it was contended by counsel that the plaintiffs were at least entitled to nominal damages. If, notwithstanding the finding referred to, counsel are correct in this position, we think we are justified in invoking the maxim " *De minimis non curat lex.*" ( *Willson* v. *McEvoy*, 25 Cal. 174; *McConihe* v. *N. Y. & E. R. R. Co.* 20 N. Y. 495; *Jennings* v. *Loring*, 5 Ind. 250.)

The judgment and order are affirmed.

MORRISON, C. J., SHARPSTEIN, J., and McKINSTRY, J., concurred.