# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1885.

### EDWARD Y. McQUOWN
### v.
### PERRY G. LAW ET AL.

1. HUSBAND AND WIFE—CONVEYANCE.—The court is of opinion that the conveyance of the husband, who was in failing circumstances. to his wife, of the land in question, was based upon a sufficient consideration, as it was in return for money she had loaned him, and that the consideration bore a reasonable proportion to the value of the property conveyed.

2. INJUNCTION—DAMAGES.—Upon dissolution of an injunction it is error to allow damages for solicitor's fees where there is no evidence of the value or rendition of any services having distinct reference to the dissolution of the injunction.

APPEAL from the Circuit Court of Coles county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed December 4, 1885.

Messrs. WILEY & NEAL, for appellant; cited Patrick v. Patrick, 77 Ill. 555; Payne v. Miller, 103 Ill. 442.

As to damages in case of dissolution of injunctions: Elder v. Sabin, 66 Ill. 126; Jevne v. Osgood, 57 Ill. 340; Rees v. Peltzer, 1 Bradwell, 316.

Mr. HORACE S. CLARK, for appellees.

(34)

PLEASANTS, J. ˙ In the fall of 1870, Perry G. Law purchased 106 acres off the west side of the N. E. ¼ of Sec. 21, T. 14 N., R. 9 East, in Coles county, for $2,200, paying $1,000 down and the residue soon afterward, with money borrowed of the Eastern Illinois Loan Co., and secured by deed of trust thereon; and in August, 1877, conveyed the same to Keziah Law, his wife, for her life, and remainder in fee to his three children, of whom two were heirs also.

In July, 1878, appellant recovered judgment in the county court against him and another for $537.87 and costs, on two joint notes of August 12, 1875, for $300 each, payable respectively in October, 1876, and February, 1877, on which several executions successive'y issued were returned no property found, and the same remains unpaid. On the 17th of November, 1881, the land being about to be sold under the power contained in the trust deed, he filed the bill herein to set aside said conveyance from Law to his wife and children, as made without valuable consideration and to defraud creditors, and thus to reach for application upon his judgment the proceeds of said sale, if any, in excess of the amount due the Loan Co.; to which end an injunction was obtained restraining the trustee from paying them over. The amount due said company was about $1,200, and the proceeds of the sale $3,200, though the highest bid offered and the sum actually received by the trustee was only $2,200.

. On final hearing in December, 1884, the injunction was dissolved and the bill dismissed. The court also, upon suggestion filed, awarded $280 damages against complainant, of which $100 was for solicitor's fees and the residue for interest on the money enjoined. Thereupon he took this appeal. From the depositions of defendants, Perry G. and Keziah Law, which concur in their statements and are uncontradicted, the following facts appear:

In October, 1864, before their marriage, he borrowed of her, without note or security, of moneys derived from the estate of her deceased husband, the sum of $1,000, which in November following he applied on a purchase he made of a tract of eighty-five acres in Coles county for $2,000, taking

the deed therefor to her and himself with her consent, and giving back a mortgage to secure the deferred payment. In January, 1865, he married her. In the fall of 1870 he sold this tract, subject to the mortgage, which the purchaser assumed, for $1,000, and with the proceeds bought the land in controversy and made the cash payment thereon as herein above stated, taking a deed to himself alone. When he conveyed the latter to his wife and children he was in failing circumstances, and intended thereby to pay the debt he owed her. They both say that debt was the consideration for the conveyance, and she says for the whole of it, though the deed expressed it to be $1,000 and love and affection. They further say that no part of it was ever paid in any other manner.

Appellant testified that the notes on which his judgment was obtained were given for the rent of a farm in Douglas county, which the makers cultivated under the lease ; that the contract for renting was made at Law's house in presence of his wife and family ; that he, appellant, on that occasion stayed there all night ; that Law then claimed the land in controversy, but said he was owing a small balance on it ; that he spoke also of his other indebtedness as small, and mentioned the creditors, but said nothing of any claim of his wife. At what time during the evening these statements were made, and whether she was then present, or paying any attention to them, or said anything on the subject herself, does not appear. And this is the whole case.

The question presented is, whether the deed from Law to his wife and children was supported by a sufficient consideration, or still more specifically, by the consideration of an actual, subsisting and legal indebtedness to her.

There was never any pretense that he made it in execution of a resulting trust—that he acquired the land with her means and therefore the case is not within the principle of the opinion in Hockett v. Bailey, 86 Ill., 74, cited by counsel. Always admitting that it was his, acquired with his own means and subject to all consequent liabilities, the defense is that before the lien of appellant's judgment attached he conveyed it, *bona fide*, in payment of an honest debt. If he did, then

although made in failing circumstances and to his wife, the conveyance will be sustained to the extent of such actual consideration. Payne v. Miller, 103 Ill. 445.

In our opinion the evidence warrants the conclusion that the $1,000 he received from her in 1864 was strictly a loan, and that the conveyance in question was made to pay it.  His procuring the deed of the land he first purchased to be made to her with him was not a payment of that debt, because not so intended as between themselves, and there were no equities to control the operation of their intention.  Appellant's claim did not arise until five years afterward.

The object of that arrangement was not directly shown, nor was it asked ; but if not a payment it must have been a gift or a security, and the probability as between these is clearly indicated by the circumstances.  The parties doubtless were then affianced.  He had no means besides what she had loaned him on his naked promise.  These were all put in the land and yet paid only half its price.

That he intended to give her all he paid for and yet owe her all he paid is not to be supposed; but that he should pledge it for her security temporarily, with special reference to the possibility of his failing to marry her, was entirely proper.

She could then surrender or release it without at all impairing the obligation of the debt ; and consistently with this view it seems to have been regarded by both, after her right as wife had attached to all he had or could acquire, as no longer subsisting.  He disposed of all the land and re-invested all the proceeds in his own name.

Did the debt, which was the alleged consideration, bear a "reasonable proportion" to the value of the property conveyed ?  Patrick v. Patrick, 77 Ill. 555.  With interest at the rate of six per cent. per annum from October, 1864, to the time of conveyance, August, 1877, it amounted to $1,700.  No evidence was offered to show the value of the land at that time.  It was bought in the fall of 1870 for $2,200, but what he paid did not exceed $1,200, which, with interest at the same rate, would then amount to about $1,500.  He had received the equivalent of interest in the use of the land, and so re-

ceived from his wife for the land itself $500 more than it had cost him.   In the absence of proof there is no presumptior that its actual appreciation then exceeded that sum.   Tested by the prices brought it had amounted in the spring of 1881 to $1,000, but what proportion of this increase occurred before the fall of 1877 does not appear, and she was entitled to all that occurred after.   Another view is that at the trustees' sale it brought $2,000 in excess of the incumbrance, and her debt with interest would then have been $1,980.

If then the debt amounted to the full value of the land and was the consideration of the conveyance, it paid for all that was conveyed—the remainder to the children no less than the life estate to the wife.   Having paid full value for the entire estate the presumption is that the interest granted to them was according to her direction, and not a voluntary settlement by the grantor.

In the light of these views, the decree dismissing the bill and dissolving the injunction was right and will be affirmed to that extent.   We think, however, the allowance of damages to defendant for solicitor's fees was improper.   No evidence of the value or rendition of any services, having distinct reference to the dissolution of the injunction, is preserved in the record. Albright v. Smith, 68 Ill. 181; Hamilton v. Stewart, 59 Ill. 330.

It was not dissolved on a separate motion but upon final hearing, and its disposition necessarily followed that of the conveyance attacked, which must have been determined, and upon the same grounds, if the injunction had not issued.   In the nature of the case no service with special reference to it could have been required, or should have been charged to the complainant.   Jevin v. Osgood, 57 Ill. 346–7;  Elder v. Sab'n, 66 Ill. 126.   As to this allowance, therefore, the decree will be reversed and the cause remanded with directions to modify it as above indicated.

Affirmed in part and reversed in part.