## MARSHALL FIELD ET AL.
### v.
### AUGUST F. MEDENWALD ET AL.

*Injunctions — Dissolution — Damages—Creditor's Bill—Husband and Wife.*

1.   Only such counsel fees and expenses as have been incurred for the single purpose of procuring the dissolution of an injunction can be recovered as damages.

Field v. Medenwald.

2. Where counsel fees and expenses are incurred in defeating the action, the dissolution of the injunction being merely incidental, such fees and expenses can not be allowed as damages.

[Opinion filed May 31, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Gwynn Garnett, Judge, presiding.

Mr. Frank P. Leffingwell, for appellants.

Mr. W. C. Minard, for appellees.

Bailey, J. This was a creditor's bill, brought by Field and others against Mendenwald and wife, to subject certain lands then recently conveyed to Mrs. Medenwald to the payment of the complainants' judgment against her husband. For some time prior to said conveyance, Medenwald had been carrying on a small retail mercantile business in Chicago. In September, 1886, he transferred his stock of goods, then being of the value of about $3,000, to one Cossitt, in exchange for a tract of land of the same value, and caused said land to be conveyed to Mrs. Medenwald. The complainants claim by their bill that said conveyance to Mrs. Medenwald was without consideration on her part, and was made to hinder and delay the collection of their judgment, while the defendants, by their answer, allege that Medenwald was indebted to his wife in the sum of about $2,700, for money which she had loaned to him several years before that time out of certain advances made to her by her father, and that said indebtedness, with interest, exceeded the value of said land, and that said conveyance was made to Mrs. Medenwald in good faith in payment of said indebtedness. At the hearing, which was had on pleadings and proofs, the court found the issue of fact thus presented in favor of the defendants, and entered a decree dismissing the bill for want of equity.

We do not deem it necessary to discuss the evidence in detail, but only to say that, after giving it careful consideration, we are of the opinion that it strongly preponderates in

favor of the defendants. The decree dismissing the bill must therefore be affirmed.

A preliminary injunction having been issued restraining Mrs. Medenwald from conveying or incumbering said land during the pendency of the suit, the defendants, before the entry of the final decree, filed their suggestion of damages by reason of said injunction, the only damages claimed being for moneys paid out and expended for the fees and charges of their solicitor and counsel in obtaining a dissolution of said injunction. On the hearing of said suggestions the only evidence produced was that of the defendants' solicitor, that he was employed by the defendants to defend said suit, and that they had paid him $120 for his services; that the services rendered in said cause were worth $150; that he spent one day in court watching said cause, and one day at the hearing, besides preparing the cause for trial; that the necessary services rendered in said cause in procuring the dissolution of said injunction were worth $70; that it was necessary, in order to secure such dissolution, to prepare the answer filed in said cause, and that the preparation of such answer was reasonably worth $50. On this evidence the court awarded the defendant damages in the sum of $50, and the allowance of said damages is assigned for error.

We are of the opinion that the decree in this respect can not be sustained. The rule is, that costs and expenses, reasonable in amount, incurred for the single object of obtaining a discharge of the injunction, are allowable as part of the damages by reason of the injunction. But where counsel fees and expenses are incurred in defeating the action, and the dissolution of the injunction is only incidental to that result, such fees and expenses are not allowable. Gerard v. Gateau, 15 Ill. App. 520, and authorities there cited.

There is no evidence that any of the services mentioned by the witness were rendered for the single object of obtaining a dissolution of the injunction. No motion to dissolve appears to have been made, and the dissolution which was finally obtained was only incidental to the decision of the cause on the merits. The only service pointed out, which is claimed to

have had any special relation to the injunction, was the drafting of the answer, and that obviously was a necessary part of the defense of the suit. It was not used as a basis for a motion to dissolve, and was not prepared or filed for that purpose, only so far as a dissolution would follow as a necessary part of a general decree for the defendants.

That portion of the decree awarding damages to the defendants will be reversed, and in all other respects the decree will be affirmed, and the cause will be remanded to the court below for further proceedings, the defendants to pay all the costs in this court.

*Decree affirmed in part and reversed in part.*