WILLIAM ZIBELL

v.

GEORGE D. BARRETT.

*Injunctions—Dissolution—Damages—Solicitor's Fees.*

1. Upon the dissolution of an injunction, a decree for damages to cover solicitor's fees can not be sustained, in the absence of evidence of the value of the services having distinct reference to such dissolution.

2. In such cases evidence to the effect that a sum named is a reasonable and small fee for the services rendered, is insufficient. It should appear what the defendant had paid or become liable to pay, and that it is the usual and customary fee paid for such services.

Zibell v. Barrett.

[Opinion filed January 18, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. FELIX J. GRIFFEN, for appellant.

Messrs. WHITEHEAD & PICKARD, for appellee.

*Per Curiam.* This is an appeal from a decree assessing damages on the dissolution of an injunction. The assessment was $100, intended to indemnify appellee against his solicitor's fees. The evidence shows that the solicitor who appeared in the suit for Barrett, prepared his answer; that he afterward had the answer sworn to for the purpose of using it as an affidavit, spent a day examining the law, and attending court on several occasions for the purpose of the motion. For all these services the solicitor made a charge of $100 and presented a bill for that amount, though the evidence shows that the bill has not been paid.

There are fatal objections to the decree.

1. The answer was evidently prepared and filed for the purpose of the final hearing, and there was no evidence of the value of the services having distinct reference to the dissolution of the injunction. Blair v. Reading, 99 Ill. 615; Elder v. Sabin, 66 Ill. 126; McQuown v. Law, 18 Ill. App. 34.

2. The witnesses testified that $100 would be a reasonable and a small fee for the services rendered. That is not sufficient. It should appear from the evidence what the defendant had paid or become liable to pay, and that it was the usual and customary fee paid for such services. Jevne v. Osgood, 57 Ill. 347; Stinnett v. Wilson, 19 Ill. App. 38.

The decree of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*