CREEK, RESPONDENT, *v.* McMANUS ET AL., APPELLANTS.

[Submitted December 11, 1895. Decided January 20, 1896.]

INJUNCTION—*Action on bond—Damages—Attorn y's fees.*—An attorney's fee paid to procure the dissolution of a temporary injunction is recoverable as an item of damages in an action on the injunction bond; but when the fee is paid for services in the entire case and the services are not separated so as to show how much of the fee, if any, was paid specially for procuring the dissolution of the injunction, it is not recoverable. (*Creek* v. *McManus*, 13 Mont. 152, distinguished.)

SAME—*Damages –Evidence.*—In an action on an injunction bond it is admissible to show that other causes than the injunction produced the damage complained of.

SAME—*Damages—Value of work.*—Whether or not certain work was rendered valueless by the issuance of an injunction temporarily restraining its completion is a question of fact for the jury.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION on an injunction bond. Judgment was rendered for the plaintiff below by ARMSTRONG, J. Reversed.

*Luce & Luce,* for Appellants.

PEMBERTON, C. J.—This is a suit for damages, on an injunction bond. The complaint alleges, substantially, that in July, 1890, defendant McManus commenced an injunction suit against the plaintiff, in the district court of Gallatin county, to restrain the commission of waste on the premises of said McManus, and to perpetually enjoin the plaintiff from constructing an irrigation ditch thereon; that a temporary restraining order was issued in said suit against this plaintiff; that the defendants Cline and Davis were the sureties on the undertaking which McManus gave to secure said injunction; that thereafter said injunction was, by order of the court, dissolved; that plaintiff was damaged and put to $100 costs in employing an attorney to procure the dissolution of the injunction, and suffered and sustained damages to growing crops on her land caused by the wrongful issuance and service of the injunction, as well as other costs and expenses, and labor, incurred in dissolving the injunction, and performed upon said irrigating ditch.

All of the allegations of the complaint are denied. The case was tried to a jury, who returned a general verdict for the plaintiff in the sum of $225. From the judgment entered thereon, and the order denying a motion for a new trial, the defendants appeal.

This is the second appeal in this case. See *Creek* v. *Mc-Manus*, 13 Mont. 152. On the former appeal the only question presented by the record was the right of Creek to recover attorney's fees paid to secure the dissolution of the injunction. From the record on that appeal, it appeared that that was the only question involved. We then held that "such damages may be recovered in an action upon the undertaking given in the injunction suit." The case, as presented by the record on that appeal, we held, was distinguished from other decisions of this court cited in the opinion. But the record now discloses a very different state of facts. On the trial of the case below, from which this appeal is taken, very many other things seem to have been litigated. In fact, the case was tried upon its merits. On the first trial the plaintiff testified, as the record on the former appeal showed : "I employed Judge Liddell to dissolve the temporary injunction. and to resist the perpetual injunction, and that was the only purpose for which I employed him in that case." The record on this appeal shows that she testified : "I employed an attorney in that case. I employed Moses J. Liddell. I paid him for his services in that case $100."

This evidence, it will be seen, brings the case squarely within the cases from which we distinguished it in *Creek* v. *McManus*, 13 Mont. 152. On the former appeal the testimony of the plaintiff separated the services of the attorney from his services in attending to the case generally on its merits, and confined the payment of the fee to his services in dissolving the injunction. On this appeal her testimony does not separate the services, or confine the payment of the fee to his service in procuring the dissolution of the injunction. The case therefore falls within the rule stated in the cases cited in *Creek* v. *McManus*, 13 Mont. 152. From the decision of this

court, we think it may be asserted to be the rule in this jurisdiction that, to authorize a recovery in a case of this character, it devolves upon the party seeking relief to show the employment of an attorney to secure the dissolution of the injunction; that through his efforts the injunction had been dissolved; and the payment of a fee for such special services, as contradistinguished from his services in the general management of the case on its merits, or other branches thereof.

Counsel for the defendants contend that the evidence does not bring this case within this rule, and complain that the instruction of the court in relation to the attorney's fee is in direct violation thereof. The objectionable instruction is as follows: ''The court instructs you that in this case it was not necessary for the plaintiff to have filed or made a motion to dissolve the injunction in order to recover the attorney's fee claimed in this case. If she employed an attorney in the trial of the case, and such attorney did attend to the trial of the case, then I instruct you that plaintiff is entitled to recover the attorney's fee paid in defending the case of *McManus* v. *Creek*, and your verdict must be for the amount so paid for plaintiff.'' We think this instruction is erroneous. It entirely ignores the necessity of separate employment of the attorney and payment of a fee in and about securing the dissolution of the injunction.

Counsel for the defendants complain of the action of the court in excluding testimony offered to prove that plaintiff's damage did not result from the issuance and service of the injunction, but from the condition of the ditch itself being such that it would not carry water onto plaintiff's land. There are many of these specifications of error. They are all of the same character and effect. We think the evidence was admissible. If any other causes than the injunction produced the damage, it was competent to show it.

Counsel for the defendants complain that the court erred in holding the defendants liable in damages for the value of certain work done by plaintiff on the ditch, in the construction thereof. If this work was rendered valueless by the interruption of the

injunction, then the court was right.    But if the work was of permanent value to the ditch, in its construction, the court was wrong.  This was a question of fact, and should have been submitted to the jury by proper instructions.

Counsel for the defendants complain that the court did not properly declare the law as to the measure of plaintiff's damages to her crops.    In *Carron* v. *Wood*, 10 Mont. 500, the measure of damages in such cases is discussed.    As the case is to go back for new trial, without treating the instructions given in this case, we refer to the rule in the case just cited.

For the reasons given above, the judgment and order appealed from are reversed, and the cause remanded for new trial.

*Reversed*

DE WITT and HUNT, JJ., concur.