(December 12, 1907.)

## A. R. MILLER, Respondent, v. J. J. DONOVAN et al., Appellants.

### [92 Pac. 992.]

INJUNCTION BOND—OBLIGATION OF PARTIES UNDER SUCH BOND—LIABILITY FOR ATTORNEY'S FEES UNDER INJUNCTION BOND—CHARACTER OF SERVICES FOR WHICH FEE MAY BE ALLOWED—REASONABLENESS OF FEE.

1. Under section 4291, Revised Statutes, on the granting of an injunction, the plaintiff is required to give an undertaking with sufficient sureties in an amount to be designated by the judge, which undertaking must be conditioned "to the effect that the plaintiff will pay to the party enjoined such costs, damages and reasonable counsel fees, not exceeding an amount to be specified, as such party may incur or sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto."

2. Under the provisions of the foregoing section, in order for a defendant to collect attorney's fees on a bond after dissolution of the injunction, it is necessary that he show that the service rendered was performed in securing the dissolution of the injunction, or that the service was rendered principally and mainly for that purpose, and the fact that the service rendered inured to his benefit in the main case, and resulted in a final disposition of the action on its merits, cannot affect or defeat the right of recovery of attorney's fees for the services thus originally and primarily caused by and incurred on account of the injunction.

3. Where an injunction has been dissolved on motion on the grounds that the complaint did not state facts sufficient to constitute a cause of action, and at the same time a general demurrer was sustained and the action dismissed, and the plaintiff appealed from the judgment sustaining the demurrer and dismissing the action, services rendered by the attorney in the appellate court in a suc-

cessful endeavor to sustain the judgment of the lower court, are properly allowable as attorney's fees under the provisions of the bond.

4. The fact that the evidence as to the amount of fees paid for services rendered and the reasonableness of the charge made is disputed and contradicted, does not authorize or justify the appellate court in disturbing the finding of the trial court, either as to the amount of fees actually paid or as to the reasonableness of the charge where the evidence presents a substantial conflict.

(Syllabus by the court.)

APPEAL from the District, Court of the First Judicial District for the County of Kootenai. Hon. W. W. Woods, Judge.

Action on an injunction bond for the recovery of attorney's fees expended in securing the dissolution of the injunction. Judgment for the plaintiff and defendants appealed. *Affirmed.*

Charles L. Heitman, for Appellants.

In an action for damages on an injunction bond, where plaintiff sought to recover, as one item of damages, fees paid to an attorney who resisted the injunction, and also tried the cause on its merits, the supreme court of Montana held that since the attorney was employed generally, fees could not be recovered as damages. (*Creek v. McManus,* 17 Mont. 445, 43 Pac. 497; S. C., 13 Mont. 152, 32 Pac. 675, and authorities there cited; *Parker v. Bond,* 5 Mont. 1, 1 Pac. 209.)

"The recovery of counsel fees as a part of the damages upon the dissolution of an injunction is limited to fees for services rendered either below or on appeal in procuring the dissolution of the injunction, and does not extend to all the services rendered in the suit in which the injunction was sued out." (16 Am. & Eng. Ency. of Law, 2d ed., 469; *Alexander v. Colcord,* 85 Ill. 323; *Lambert v. Alcorn,* 144 Ill. 313, 33 N. E. 54, 21 L. R. A. 611.)

Where the injunction is only ancillary to the object of the action, and the dissolution of the injunction is only incidental

to the result, no recovery can be had on the undertaking for the attorney's fees and expenses occasioned thereby, since in such case these items could not be regarded as damages sustained "by reason of the injunction." (*Newton v. Russell,* 87 N. Y. 531; *Disbrow v. Garcia,* 52 N. Y. 655; *Bustamente v. Stewart,* 55 Cal. 115.)

There was no evidence in the cause segregating the value of the counsel fees rendered respondent on the whole litigation from the value of counsel fees rendered in procuring a dissolution of the injunction. (*Lambert v. Haskell,* 80 Cal. 611, 22 Pac. 327.)

Five hundred dollars is an unreasonable charge for procuring the dissolution of the injunction in this cause, where no greater services were required to be rendered than were rendered by counsel for respondent, and where the amount involved was no greater than the judgment sought to be vacated.

Edwin McBee, for Respondent.

It is contended by respondent that the injunction was practically the only relief asked for. The services rendered by counsel in the entire case, including services rendered in the supreme court, should be considered in fixing the amount of recovery on this bond. More time was spent by counsel in preparing for and presenting the motion for dissolution of the injunction than on any other service rendered in the case.

Under the peculiar circumstances of this case and the importance of the legal issues decided in the former appeal, the sum of $500 is a very moderate fee, and would not be excessive under the circumstances as a fee for the services rendered in the district court in procuring the dissolution of the injunction.

The allowance of counsel fees as damages upon dissolving an injunction is based upon the fact that defendant has been compelled to employ aid in ridding himself of an unjust restriction which has been placed upon him by the action of plaintiff, and the true test with regard to allowance of counsel fees as damages would seem to be, that if they are neces-

sarily incurred in procuring the dissolution of the injunction,. when that is the sole relief sought by the action, they may be recovered. (High on Injunctions, 2d ed., sec. 1086; *Thomas v. McDaneld,* 77 Iowa, 299, 42 N. W. 301; *Colby v. Meservy,* 85 Iowa, 555, 52 N. W. 499; *Andrews v. Glenville Woolen Co.,* 50 N. Y. 287.)

AILSHIE, C. J.—Some years ago the plaintiff in this action secured a judgment against the defendants in the district court of the first judicial district in and for the county of Kootenai; the defendants appealed, and the judgment was: thereafter affirmed by this court. (*Miller v. Donovan et al.,* 11 Idaho, 545, 83 Pac. 608.) The defendants, Donovan and others, thereupon commenced an action in the district court against Miller and the sheriff of Kootenai county to restrain and enjoin the sheriff from selling certain property under execution to satisfy the judgment and to perpetually enjoin the defendant Miller from thereafter taking out any execution for the collection and satisfaction of that judgment and to declare the .judgment void and vacate the same. At the time of filing the complaint the plaintiffs in that case, who are defendants and appellants in the case at bar, secured the issuance of a temporary injunction restraining the sheriff from proceeding with the sale under the execution, and from collecting the judgment thereunder pending the action. Upon the issuance of the writ of injunction, the plaintiffs in that case executed and filed an undertaking in compliance with the provisions of section 4291, Revised Statutes, for the sum of $2,500. Judgment in that case went against the plaintiffs. and in favor of the defendant Miller and the sheriff. The plaintiffs thereupon appealed the case to this court where the judgment of the lower court was affirmed (*Donovan et al. v. Miller et al.,* 12 Idaho, 600, 88 Pac. 82, 9 L. R. A., N. S., 524). After the latter judgment became final and the original judgment was paid, Miller commenced this action on the injunction bond to recover costs and attorney's fees. incurred by reason of the issuance of the temporary .injunction. The trial was had and judgment entered in favor of

the plaintiffs for the sum of $500 and costs, and defendants appealed.

The only question argued is as to the attorney's fee that was allowed by the trial court. Two objections are urged against its allowance: 1. That the fee charged and collected was a lump sum for the whole litigation, and that no specific amount was charged or collected for securing the dissolution of the injunction; and 2. That the fee allowed by the trial court was unreasonable and exorbitant. Under our statute, section 4291, no question can arise as to the allowance of attorney's fees in an action on an injunction bond. It is there provided, among other things, that the bond must be conditioned "to the effect that the plaintiff will pay to the party enjoined such costs, damages and reasonable counsel fees, not exceeding an amount to be specified, as such party may incur or sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto." The bond in this case is in the language of the statute, and therefore clearly obligates the principals and surety to the payment of attorney's fees. It might be well to observe here that our statute in this respect differs from all the other statutes that have been called to our attention in reference to undertakings on injunction. Here the legislature has provided in unmistakable terms for the allowance of such "reasonable attorney's fees" as the "party may incur or sustain by reason of the injunction." In the light of this statute, the court would, perhaps, be justified in exercising more liberality in the allowance of attorney's fees in such cases than have the courts in those states where attorney's fees are not specifically allowed by statute, but are allowed by the court under the general head of *damages.*

The only evidence introduced in this case as to the attorney's fees was the testimony of the respective attorneys for the plaintiff and defendants in the case. Mr. McBee, who conducted the litigation throughout for his client Miller, testified that he had had different understandings from time to time with his client with reference to fees, but that he never collected any fees, except a $25 retainer, until the case of

*Donovan v. Miller* was affirmed in this court and the judg-
ment was finally paid; that he then collected the judgment,
which, together with interest and costs, exceeded $1,600, and
that he then collected $799.35 as his total fees in the entire
litigation, which included securing the judgment in the first
place, and presenting the case on appeal to this court, and
the appearance in both the trial court and supreme court in
the injunction case; that upon the settlement he charged
his client, in addition to the $25 retainer fee, the further
sum of $168 for procuring the original judgment and secur-
ing its affirmance on appeal, and that he charged the fur-
ther sum of $631 "for looking after the injunction and get-
ting it dissolved." He further says that his understanding
with Miller, as he gathered it over the 'phone, was that he
was to have half the sum recovered from the defendants as
his fee for the entire litigation, but that his client claimed
that that was not the understanding. He says, however, that
after the litigation was finally settled, he got Miller and an-
other interested party into his office and effected the settle-
ment as he had originally understood it; that the separate
charges for each service were fixed as above stated. He fixed
the fee for the services rendered in procuring the dissolution
of the injunction as reasonably worth the sum of $500. Mr.
Heitman testified that he thought the services rendered in
procuring the dissolution of the injunction would be reason-
ably compensated by the payment of $150. He further stated,
however, that if it was taken on a contingent fee, dependent
upon success in the case, that it might have been worth $500.
This is the gist of the evidence in the case. The court found
as a matter of fact "that by reason of said injunction in said
action, this plaintiff, A. R. Miller, was compelled to pay, and
did pay, $600 as attorney's fees in procuring the dissolution
of said injunction." He further finds "that $500 is a rea-
sonable attorney's fee herein for procuring the dissolution
of said injunction in said court and in procuring the affirm-
ance of said dissolution of said injunction."

The injunction was issued in *Donovan et al. v. Miller et al.,*
February 17, 1906, and on the 26th defendants filed a de-

murrer to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action. On March 7th, defendants moved the court for a dissolution of the injunction on the grounds that the plaintiffs had not made a sufficient showing to entitle them to the writ. This motion was made on the files in the case, and its argument must have necessarily been directed to the failure of the complaint to state a cause of action. The court took the motion under advisement until March 20th, at which time he sustained the motion and dissolved the injunction and also sustained the demurrer and dismissed the action. The same argument and showing therefore that secured the dissolution of the injunction resulted in sustaining the demurrer and a dismissal of the action. The court thereupon made a further order granting a stay of execution for twenty days and providing that upon the filing of an undertaking by plaintiffs in the sum of $3,000 "a stay of execution be granted herein until final determination of this action." Whatever might be the effect of or authority for this latter order, it seems to have accomplished the result of substantially continuing the injunction in force until the case was finally determined on appeal. The parties seem to have so treated it. On March 30th the plaintiffs appealed from the judgment of dismissal, and the sufficiency of the complaint was the sole question considered by the court. It therefore clearly appears in this case that the injunction was the primary and principal relief sought in *Donovan et al. v. Miller et al.,* and that the entire legal service in the trial court was rendered in securing a dissolution of the injunction. The service rendered by Miller's attorney on appeal in that case was in an effort to secure an affirmance of the judgment of the trial court holding that the complaint did not state a cause of action and was not sufficient to authorize the issuance of a writ of injunction. With these facts clearly in mind, let us briefly turn to some of the authorities to discover the extent to which they go in allowance of attorney's fees for services rendered in the case generally as distin-

guished from those confined specifically to services in resisting the temporary writ.

Spelling on Injunctions, at section 953 of volume 1 (second edition), says: "The general rule with respect to the allowance of fees of attorneys and counsel as damages is that they are allowable upon judgment, whether interlocutory or final, that complainant was not entitled to the injunction in the first place; but this rule has been reversed by statute in a few states, modified in many, and given statutory expression in others. But quite generally it is held that the fees which the defendant who has been enjoined may recover are only such as were necessary in procuring a dissolution of the injunction, and not those paid in general defense of the action where other relief than an injunction is sought."

In the case of *Creek v. McManus*, 13 Mont. 152, 32 Pac. 675, Mr. Justice De Witt, in considering the extent to which attorney fees would be allowed and the services rendered on the main issue, among other things, said: "But in the case at bar the right to an injunction was the only cause of action set up or litigated, and no services could have been rendered for any other purpose. Upon the trial the temporary injunction was dissolved, and a perpetual injunction denied, at one strike, and by one service of the attorney. The damages caused the plaintiff herein were caused by the action of *McManus v. Creek*, and the issuance of the temporary injunction on the complaint therein. The defendant employed an attorney to resist that injunction. Instead of attacking the temporary injunction, which was in force, by a distinct motion for that purpose, the attorney dissolved it by another sort of attack. He assaulted the very foundation of the injunction—that is, the action in which it was granted—and demolished the whole structure by one effort." This case again found its way to the supreme court (*Creek v. McManus*, 17 Mont. 445, 43 Pac. 497), and it was held upon the facts as disclosed by the latter record that attorney fees could not be collected, but the opinion in the latter appeal in no way militates against the principle of law announced in the first decision.

The supreme court of Washington, in *Anderson v. Provi-dent Life & Trust Co.*, 26 Wash. 192, 66 Pac. 415, speaking through Mr. Justice Hadley, announced the following conclusion: "The great weight of authority is to the effect that counsel fees recoverable in such cases are those connected with the motion or other similar proceeding for the dissolution of the injunction, and do not cover the general expenses of defending the merits of the action. This court so held in *Donahue v. Johnson*, 9 Wash. 187, 37 Pac. 322. The bill filed in the federal court by appellant, however, sought injunctive relief only, and while it appears to be true that no motion formally so called was made to dissolve the preliminary injunction, yet the demurrer to the bill reached the injunction as effectively as a motion would have done. Had the demurrer been sustained, the injunction would have been dissolved. We think, therefore, that the services in connection with the demurrer are as much recoverable as though they had been rendered in the presentation of a formal motion to dissolve."

In *Thomas v. McDaneld*, 77 Iowa, 299, 42 N. W. 301, the supreme court of Iowa had under consideration the question of the allowance of attorney's fees for defending in the entire action, as well as resisting a temporary injunction. There the action was purely and solely a suit for injunction, and the court said: "The sole question before us is whether the services rendered in answering the petition and defending on the trial were services in defending against the injunction. This depends upon whether the case was an independent proceeding for injunction alone, or whether the injunction was a mere auxiliary to a proceeding for other relief. The relief asked was that the sale be enjoined, 'and for such other and further relief as petitioner is entitled to.' The allegations of the petition did not entitle the petitioner to any other relief than injunction. Strike the prayer for injunction and the allegations upon which it is asked from the petition, and there is no case left. . . . . The case was one for injunction alone, and what was done in the way of defense was against the injunction, and resulted in its dissolution. We hold, under the facts certified, that the plaintiff was entitled to re-

cover his expenses for attorney's fees necessarily incurred in defending the case in equity, and that the court erred in directing the jury to find for the defendants.''

The court of appeals of New York, in *Anderson v. Glenville Woolen Co.,* 50 N. Y. 282, had under consideration a case where an injunction had been procured to restr an the collection of a judgment, and the services rendered by the attorney appear to have covered the whole case. In the syllabus to that case the following principle of law is announced: ''Expenses properly incurred on the part of the defendant for the purpose of dissolving an injunction are legally allowable as damages, and when a motion has been made to dissolve the injunction, which was denied, not upon the merits or for irregularity, but because the court in its discretion thought it advisable to defer the inquiry into the merits until the final hearing, the expenses of the motion and also counsel fees upon the trial are proper items of damages.'' In the body of the opinion the court observed: ''But for the injunction, the defendant might have collected the money before the trial, and as the only relief demanded against it by the complaint was to restrain its collection, it is not certain that the case would have been brought to trial had the collection been first accomplished.''

In *Lambert v. Haskell,* 80 Cal. 611, 22 Pac. 327, the court held that: ''The counsel fees for which the sureties may be held are not those expended for the defense of the suit, but only those which have been expended solely or principally in procuring a dissolution of the injunction. (*Newton v. Russell,* 87 N. Y. 531; *Bustamente v. Stewart,* 55 Cal. 115.) And the evidence must show a case within the rule.''

The foregoing authorities announce the principal phases of the general trend of authority on this subject. There are, however, many exceptions to the rule, and, indeed, a great many cases where it is very difficult to determine upon what principle of law they were decided, as may be seen from the notes found in 22 Cyc. 1053-1056; also 16 Am. & Eng. Ency. of Law, 2d ed., 468-470. (See, also, 2 High on Injunctions, 4th ed., sec. 1686-1689.)

Applying these principles to the facts and circumstances of the case, we are led to the conclusion that the services rendered by counsel in *Donovan et al. v. Miller et al.* are properly referable to the injunction and grew out of it and were incurred "by reason of the injunction." The action was instituted to obtain the injunction and restrain the sale. Had they not obtained the order and writ, the judgment creditor would have collected his judgment, notwithstanding the action, and the judgment debtor would, doubtless, never have commenced the action but for the expectation that he could restrain the sale of the property levied upon and the consequent payment of the judgment. After *Donovan et al.* appealed from the judgment, it became necessary for Miller to follow the case into the appellate court in order to reap the fruits of his victory in securing the dissolution of the injunction. There are some things in the evidence that tend to raise a question as to the amount of fees paid counsel in each separate action—that is, the one in which the judgment was obtained and the other in which it was sought to restrain the collection of that judgment—but the trial court has found specifically on that point, and under the uniform holdings of this court we would not be justified in disturbing that finding. There was substantial evidence tending to establish the facts found. The same might be said with reference to the amount of fees allowed. What we might or would do if the case were before us in the first instance cannot be considered by us when it comes to the question as to whether the findings are sustained by the evidence. There is some evidence on which to rest each finding made by the court.

The judgment must be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, J., concurs.