## HOUSLEY v. TOBIN, ET AL.
(No. 1603; April 7, 1930; 286 Pac. 383)

For the appellant there was a brief and oral argument
by W. J. Wehrli, of Casper, Wyoming.

For the respondents, Ralph S. Tobin, Charles A. Fackler and Frank Carter, there was a brief by *Clarence G. Cypreansen* and *W. B. Holliday,* of Casper, Wyoming.

For the respondent Federal Surety Company, there was a brief and oral argument by *R. R. Rose,* of Casper, Wyoming.

Riner, Justice.

This proceeding, by direct appeal, was brought to secure a review of a judgment of the District Court of Natrona County in favor of defendants and respondents and against plaintiff and appellant in an action instituted to recover alleged damages upon a bond given to secure the issuance of a temporary injunction at the commencement of another suit. The parties will hereinafter be mentioned generally as they were aligned in the court below or by their respective names.

From the record it appears that Tobin, Fackler and Carter, as plaintiffs, brought a suit for an injunction in the District Court aforesaid, against Gilbert O. Housley, as Sheriff of Natrona County, Wyoming, and also as an individual, joining with him as defendant W. J. Wehrli, as County and Prosecuting Attorney and also as an individual. The object of the suit was to prevent the defendants from trespassing upon certain premises leased by plaintiffs, and from interfering with the business conducted by them there, the business being alleged to be the conducting of dances and the serving of meals for the benefit of an unincorporated society known as the "Natrona Club" and its guests.

The resident district judge being absent at the time, plaintiffs made application to the District Court Commissioner for a temporary injunctional writ. Before granting it, as he testified, that officer inquired of Mr. Wehrli, then the County Attorney of Natrona County, if he wished to argue the case or present any law or evidence, and was answered in the negative; the commissioner then asked if he had a right to issue the injunction and Mr. Wehrli said "Yes"; upon further inquiry as to whether the latter had any objection to its issuance, the commissioner was told "No—Providing you get me a sufficient bond." After some argument concerning the amount of the bond, the commissioner signed an order allowing an injunction as

prayed, until the further order of the court, forbidding the defendants in the suit from trespassing upon plaintiffs' premises and from interfering with their business. The order provided the writ should issue only upon "plaintiffs' giving an undertaking as required by law in the sum of $500" to be approved by the clerk of the District Court of Natrona County. On March 23, 1928, a bond in the sum fixed, with the three plaintiffs as principals and Federal Surety Company as surety, was approved by the clerk, the condition of the instrument being that the obligors "hereby undertake to said Gilbert O. Housley and William J. Wehrli in the sum of $500.00 that said plaintiffs shall pay to defendant all damages which he may sustain if it be finally decided that the injunction ought not to have been granted."

On the next day Mr. Wehrli, as counsel for himself and Housley, filed a motion seeking to have the amount of the bond increased. This motion was heard on March 26, 1928 by the district judge and an order entered directing that a proper bond be filed by the plaintiffs with the clerk of the District Court in the sum of $2,000, within twenty-four hours of the hearing, and in default thereof the temporary injunction theretofore granted by the commissioner should be vacated. No such bond was filed and on March 30, 1928, another order was entered by the court dissolving the injunction. Thereafter and on April 18, 1928, counsel for the defendants filed on behalf of himself a general demurrer to plaintiffs' petition in the injunction suit and on behalf of Housley a motion for an order requiring plaintiffs to make their petition more definite and certain in several respects. Nothing more appears to have been done in the case until January 3, 1929, when counsel for plaintiffs was served with a notice of hearing upon this motion and demurrer for the 5th of that month. On the day thus set, upon motion of the plaintiffs, the court entered an order dismissing the injunction suit "with prejudice, costs to be paid by the plaintiffs."

The present action was instituted March 2, 1929, by plaintiff Housley, as heretofore indicated generally, to recover alleged damages on account of the institution of the injunction suit aforesaid and the issuance of the temporary writ against him. The only damages claimed is the sum of $250 attorney's fees, which plaintiff became obligated to pay Wehrli, his counsel, for the defense of the action. Incidentally it also appears that the latter brought a similar action for a similar amount in his own behalf. Both actions were consolidated for a trial, which resulted in judgments that neither plaintiff take anything. Housley alone has appealed.

The general finding and judgment of the trial court in favor of the defendants is assigned as error on the ground of being contrary to law and unsupported by the evidence. Complaint is also made that the court erred in declining to receive in evidence certain papers filed in the injunction suit, viz: The demurrer and motion to make more definite and certain above mentioned, notice of hearing thereon, motion to dismiss, and order dismissing the injunction suit.

In passing it may be observed that the record shows clearly that the order last mentioned, reciting as it does that it was made upon plaintiffs' motion, actually was received in evidence without objection by either party. Under such circumstances there could hardly be error predicated upon the subsequent ruling of the court refusing either the motion or the order when they were again offered. There was no move or ruling made to strike the order from the record.

It is evident from what has been said, that the main question in the case is the right of the plaintiffs, under the circumstances disclosed in the record before us, to recover counsel fees as damages under the temporary injunction bond given to secure the issuance of the extraordinary process.

The general rule prevails in this state, as mostly elsewhere in this country, that in the absence of statutory regulation or agreement of the parties, each suitor in litigation must pay his own counsel fees. They cannot be awarded as part of damages to be recovered. Barquin v. Hall Oil Co., 28 Wyo. 164, 201 Pac. 352, 202 Pac. 1107; Brown v. Citizens National Bank, 38 Wyo. 469, 269 Pac. 40; 15 C. J. 114. However, in injunction suits an exception to this rule appears to this extent: If attorney fees are incurred to procure the dissolution of an injunction, then, by the weight of authority, they may be recovered as damages within the terms of the bond given to secure the issuance of the writ. Littleton v. Burgess, 16 Wyo. 58, 91 Pac. 832, 16 L. R. A. (N. S.) 49.

In 8 American and English Annotated Cases, 715, in the note citing an elaborate list of cases from many states, it is said:

"It is well settled that the right to recover for counsel fees incurred is limited to that part of the defense that is rendered necessary on account of the issuance of the injunction, excluding any fees caused by defenses to the main suit either before or after the dissolution of the injunction."

To the same effect is 2 High on Injunctions (4th Ed.) 1635, Sec. 1688, where the author says:

"It is improper to allow as damages counsel fees for the expense incurred in trying the entire cause, irrespective of the injunction, and the fees should be limited to such as pertain to the dissolution. And the court should only allow a fair and reasonable compensation to defendant, in assessing his damages upon a dissolution, for money actually paid to counsel or for a liability fairly and honestly incurred in procuring the dissolution. Nor should fees be allowed for other services than those pertaining to the dissolution, nor when defendant has managed his own case, and when he has neither paid nor become liable for any fees."

426

Volume I, Joyce on Injunctions, 335, Section 207, declares the rule in similar terms.

In Newton v. Russell, 87 N. Y. 527, the Court of Appeals, concerning this subject, said this:

"It is well settled that fees of counsel for services in procuring a dissolution of an injunction, and in attending a reference to assess damages consequent thereon, are properly within the language of such an undertaking (Rose v. Post, 56 N. Y. 603), but it is equally well settled that counsel fees incurred on the trial of the issue in the action are not allowable upon such assessment, unless they were incurred solely or principally in consequence of the injunction. (Disbrow v. Garcia, 52 N. Y. 654; Hovey v. The Rubber Tip Pencil Co., 57 id. 119; Andrews v. Glenville Woolen Co., 50 id. 282.)"

The case of Thurston v. Haskell, 81 Me. 303, 17 Atl. 73, 74, was an action upon a temporary injunction bond. It appeared that previously Haskell had brought a bill in equity against Thurston and others, praying to have them permanently enjoined from using certain waters. Pending this bill the complainant therein obtained a preliminary injunction of like nature upon filing a bond to the then respondents conditioned that the complainant should pay all damages and costs caused by such preliminary injunction. No effort was made to procure a dissolution of the preliminary writ, but the respondents merely contested the equity suit generally. The bill was finally dismissed with costs. Holding unfounded plaintiffs' claim that among "the damages and costs caused" by the preliminary injunction were the fees he was obliged to pay counsel in defense of the equity suit, the court remarked:

"*Non constat* that the preliminary injunction caused this expenditure. The plaintiffs, (then respondents) would have resisted the prayer for a permanent injunction, if no preliminary injunction had been obtained. With or without a preliminary injunction, there would have been the same defense,—the same pleadings,—the same evidence,—

the same arguments,—the same judgment and consequently the same counsel fees. The expenditure was caused by the *suit*, and not by the preliminary injunction. It must, therefore, be excluded in assessing the damages, in this action upon the bond for the preliminary injunction, which bond was only to pay such damages and costs, as were caused by the preliminary injunction.''

In Lillie v. Lillie, 55 Vt. 470, an action of debt to recover damages upon an injunction bond, the obligation sued upon was given in an equity suit by the defendants against the plaintiffs to restrain them from cutting wood and timber upon the premises described in the bill. The following excerpt from the opinion indicates the view of the court upon that phase of the case, which sheds light upon the question now before us:

''The plaintiffs claim to recover the taxable costs, disbursements and counsel fees in the suit in which the injunction was granted. The bond requires the obligors to pay all damages occasioned by the granting of the injunction, and all such costs as may be awarded against them. We do not think this refers to the costs in the main suit, but to those accruing in consequence of the injunction as a direct result of it; such as the cost of the dissolution, if one was moved for and granted. This is the reasonable construction to be given the terms of the bond. All damages which accrue as the direct result of the injunction are recoverable. We do not say but that counsel fees, costs and disbursements may be included in such damages, but they must be such as result from granting the injunction; it is not necessary, however, to decide this question as none of the costs, disbursements, and counsel fees which the plaintiffs claim to recover, were incurred in consequence of granting the injunction, but were the legitimate expenses of defending the suit upon its merits, and cannot be regarded in any sense as damages occasioned by the injunction. That such items cannot be recovered has been decided in this state. Sturgis, et al. v. Knapp, et al., 33 Vt. 486.''

Where, upon a motion for an assessment of damages, under an injunction bond given in an equity suit, the trial court allowed attorney fees for services not rendered in securing the dissolution of the injunction but for preparation and trial of the case itself, which was finally dismissed, the appellate court, in sustaining exceptions to such allowance, said, in Smith v. Smith, (N. H.) 142 Atl. 685:

"It being found that there was no damage caused by the restraint of a sale, and that the services and expenses which were allowed for were entirely in * * * defending against the illegal claim of the plaintiff,' no recovery can be had upon the bond. The condition was plain. It dealt only with loss or expense 'by reason of this injunction.' It did not concern the defense against the merits of the plaintiffs' claim. If the injunction had not been issued, the expenses would have been incurred. They were not caused by the injunction."

In logical application of the principles announced by the authorities just reviewed and quite closely touching the facts of the case at bar, we find a more concrete statement of the law in 2 High on Injunctions (4th Ed.) 1637, Sec. 1689, where it is declared that:

"When the bond is conditioned for the payment of all damages sustained by suing out an injunction if the same is dissolved, it is not proper to allow counsel fees for services rendered in the progress of the cause to a final decree after dissolution, since such fees are not properly damages occasioned by suing out the injunction; they will not, therefore, be allowed as damages, even though the object of the suit is to obtain a perpetual injunction."

Supporting and amplifying this view of the text may be cited Porter v. Hopkins, 63 Cal. 53, and Robertson v. Robertson, 58 Ala. 68.

In Porter v. Hopkins, the action was upon an injunction bond. By that obligation the defendants undertook to pay

such damages as might be sustained by reason of the issuance of the writ "if it should be finally decided by the court that the parties in whose behalf the writ was issued were not entitled to it." The temporary injunction had been issued in an equitable action brought to perpetually enjoin the defendants from prosecuting certain actions at law. Part of the services of counsel with which it was sought to charge the bond in suit as damages were for securing the dissolution of the temporary injunctional order and part were for services in obtaining from the court out of which it had issued a final judgment that the plaintiffs in the injunction suit were not entitled to the writ. The trial court allowed the bill for all services in the case. In holding this to be error, the reviewing court said, in the course of its opinion:

"Reasonable and necessary counsel fees expended in obtaining a dissolution of the injunction are properly allowable as damages in a suit upon the undertaking. (Wilson v. McEvoy, 25 Cal. 172; Prader v. Grimm, 28 Cal. 11.) The services, for which the plaintiff incurred and paid out one thousand dollars, were rendered by his counsel on two motions made to dissolve the injunction, and on appeal from the last order refusing to dissolve it to the Supreme Court, where the order was reversed with direction to the lower court to dissolve the injunction. The services upon these motions were necessary, the charge for them was reasonable, and it was paid by the plaintiff. The finding to that effect is fully sustained by the evidence, and the sum was properly allowed.

"But the allowance of the additional sum of two hundred dollars for the alleged services of counsel in obtaining a final judgment in the case, that the plaintiffs were not entitled to the injunction, was erroneous.

"But liability could not be enforced against them (the defendants) for any other counsel fees or damages than the reasonable and necessary fees expended in obtaining a dissolution of the injunction. After dissolution the cause itself still existed, independent of the writ of injunction; and the expense of services rendered after the dissolution in the cause itself, or in resisting a motion to dismiss the

cause, was not damages sustained by reason of the writ; attorney's fee for services rendered in the case after dissolution of the injunction was therefore improperly allowed.''

The case of Robertson v. Robertson was also one upon an injunction bond which had before been executed upon the procurement of a writ of injunction on behalf of the defendant against the plaintiff which was dissolved upon the latter's answer in the other suit. The condition of the bond executed by the obligors was that they should pay all such damages as should be sustained ''by the suing out of said injunction, if the same is dissolved.'' Upon the trial, plaintiff recovered, as part of the damages sustained, the fees due his attorneys for their services in the cause to the time the injunction was dissolved and also in afterwards defeating a motion to reinstate the writ. The fees due counsel for subsequent services in defending the suit to its termination in favor of plaintiff were not allowed. This disallowance was assigned as error, but the ruling was upheld on appeal and the court said in part:

''In the absence of any statutory provision on the subject, the defendant in a civil suit has no recourse against the plaintiff, for the counsel and attorney's fees which he has been obliged to pay for his defense against the same, however groundless or causeless the suit may have been. In those cases, therefore, in which a party suing, instead of relying on the usual process of the court, requires for the protection of his supposed rights or interests, process of an extraordinary character,—and which he will be allowed to obtain only upon executing bond with security to pay all damages his adversary may thereby sustain,— the extent of the liability is to be ascertained by reference to the act, or the condition of the bond.

\* \* \*

''But a suit in chancery is not instituted by a writ of injunction—although such a writ may accompany the subpoena or summons, or be issued at any time after the filing of the bill. It is a collateral process only. A motion to

dissolve it may be made at any time, and is usually made, often successfully, soon after the writ is obtained. After the dissolution of the injunction, the suit proceeds precisely as if there had never been any injunction in the cause, and wholly without effect from it. The cause was instituted by process independent of that writ, and continues to exist after it is vacated. The expense of services rendered afterwards, in defense of the suit, is not therefore properly damages sustained by the suing out of that writ; and numerous authorities hold that the attorney's fees for such subsequent services are not recoverable under the terms of an injunction bond.

\*   \*   \*

"The sureties to the bond are entitled to stand upon its terms; and these terms are not to be extended by implication to increase their liability."

In the case at bar, accordingly, based upon these authorities, our conclusion is that there was no error in the District Court's refusal to receive in evidence the demurrer, the motion to make the petition in the injunction suit more definite and the notice of hearing on these matters. It is quite clear that they had to do solely with the defense of the suit itself and not with the procuring of a dissolution of the temporary injunction. They were all filed after the order of dissolution had been made and the temporary injunction was completely out of the case.

In order to dispose of the assignment of error that the judgment of the court below is not supported by the evidence and is contrary to law, it becomes necessary to ascertain what duty rests upon the plaintiff in a case of this nature in segregating his evidence of items of damage where it appears as it does in the record now under review, that some of the services of counsel were rendered in defense of the suit itself, and some may be referable to the procurement of a dissolution of the temporary injunction. This matter has been discussed both by the courts of last resort and by well known texts.

In Olds v. Cary, 13 Or. 362, 10 Pac. 786, 788, where it was held that while reasonable counsel fees in dissolving a writ of injunction may be allowed as damages in an action upon the undertaking given to secure the injunction, yet where the injunction is the sole relief sought by the suit, counsel fees for defending the entire action could not be allowed in any view of the law upon the point, the court used this language:

"The respondent's counsel contended that, as the injunction was the sole relief sought in the suit, the rule was different; that in such a case the entire amount paid for attorney's fees was recoverable. But I do not think this view correct. It is not reasonable to require a party, because he obtained a writ of injunction staying the defendant in the suit from doing the threatened acts during its pendency, to pay the defendant's attorney's fees for defending the suit. The defendant was put to that expense in consequence of the suit, and not on account of the temporary injunction. Bustamente v. Stewart, 55 Cal. 115, is conclusive upon that point. The party in such case must show that he was put to extra expense for attorney's fees on account of the injunction, in order to recover."

The case of Bustamente v. Stewart, 55 Cal. 115, referred to in the quotation just preceding, was one where damages in the nature of counsel fees were sought to be recovered in an action upon an injunction bond. The trial court found that the fees paid the attorneys were in a gross sum for services rendered in the entire litigation and declined to allow any recovery. Affirming this ruling, Judge Ross, who wrote the opinion of the court, said:

"No distinct charges were made for services in procuring the dissolution of the restraining order, and no attempt was made to show what such services were worth.
"We understand the law to be as stated by Mr. High in his work on Injunctions: 'A reasonable amount of compensation paid as counsel fees in procuring the dissolution of an injunction may be recovered in an action upon the bond, if the injunction was improperly or wrongly

.issued, *the amount being limited to fees paid counsel for procuring the dissolution, and not for defending the entire case.'* (High on Injunctions, Secs. 973-4, and cases there cited.)''

14 R. C. L. 488, Sec. 191, speaking of the necessity of separating the charges of counsel for services rendered in obtaining a dissolution of the injunction from those performed solely in defense of the main case, where endeavor is made to have them fixed as damages in a suit upon an undertaking given to secure the issuance of the temporary injunction, says:

''But, if there is nothing to show what portion of the services were rendered in attempting to procure such dissolution, as distinguished from those rendered in general defense of the suit, there can be no recovery.''

Concerning the same subject, 32 C. J. 477, uses this language:

''To authorize an allowance of counsel fees for services rendered in procuring the dissolution of an injunction the evidence must discriminate between services rendered in the case generally and services which were strictly necessary to procure a dissolution of the injunction; if this is not done there. is no basis for an allowance for such services.''

The Supreme Court of Illinois, in the case of Lambert v. Alcorn, 144 Ill. 313, 33 N. E. 53, 58, 21 L. R. A. 611, in the course of its consideration of this same matter, declares that:

''The rule is that a defendant may recover, as damages on dissolution of an injunction, the solicitors' fees which he has paid, or become obligated to pay, for services rendered in obtaining a dissolution of the injunction, but not those rendered in the general defense of the suit. Jevne v. Osgood, 57 Ill. 340; Alexander v. Colcord, 85 Ill. 323; Field v. Medenwald, 26 Ill. App. 642; Gerard v. Gateau,

15 Ill. App. 520. In Alexander v. Colcord, supra, it was held to be serious objection to the evidence in support of a suggestion of damages of this character that it made no discrimination between services rendered in the case generally, and services which were strictly necessary to produce a dissolution of the injunction. That discrimination not being made in this case, there is no evidence upon which the assessment of damages can be based."

The larger portion of the short opinion in the case of Zibell v. Barrett, 30 Ill. App. 112, also deals with the point in which we are now interested to the following effect:

"This is an appeal from a decree assessing damages on the dissolution of an injunction. The assessment was $100, intended to indemnify appellee against his solicitor's fees. The evidence shows that the solicitor who appeared in the suit for Barrett, prepared his answer; that he afterward had the answer sworn to for the purpose of using it as an affidavit, spent a day examining the law, and attending court on several occasions for the purpose of the motion. For all these services the solicitor made a charge of $100 and presented a bill for that amount, though the evidence shows that the bill has not been paid.

"There are fatal objections to the decree.

"1. The answer was evidently prepared and filed for the purpose of the final hearing, and there was no evidence of the value of the services having distinct reference to the dissolution of the injunction. Blair v. Reading, 99 Ill. 615; Elder v. Sabin, 66 Ill. 126; McQuown v. Law, 18 Ill. App. 34."

And the decree was reversed.

The case of Creek v. McManus, 13 Mont. 152, 32 Pac. 675, likewise a suit to recover attorney fees as damages on an injunction bond, cited by this court in Littleton v. Burgess, supra, has been called to our attention by appellant. The citation in the Littleton case was made relative to a different state of facts than exist in the case at bar. However, when that case again came before the Supreme Court of Montana (17 Mont. 445, 43 Pac. 497,

498), the record disclosed a situation quite different from that appearing on the first appeal and a different result was reached by the same court. The final opinion's view of the changed facts in that case and the law applicable thereto, closely pertinent to the case at bar, appears from the following excerpt:

"On the former appeal the testimony of the plaintiff separated the services of the attorney from his services in attending to the case generally on its merits, and confined the payment of the fee to his services in dissolving the injunction. On this appeal her testimony does not separate the services, or confine the payment of the fee to his service in procuring the dissolution of the injunction. The case therefore falls within the rule stated in the cases cited in Creek v. McManus, 13 Mont. 152, 32 Pac. 675. From the decision of this court, we think it may be asserted to be the rule in this jurisdiction that, to authorize a recovery in a case of this character, it devolves upon the party seeking relief to show the employment of an attorney to secure the dissolution of the injunction; that through his efforts the injunction had been dissolved; and the payment of a fee for such special services, as contradistinguished from his services in the general management of the case on its merits, or other branch thereof. Counsel for the defendants contend that the evidence does not bring this case within this rule, and complain that the instruction of the court in relation to the attorney's fee is in direct violation thereof. The objectionable instruction is as follows: 'The court instructs you that in this case it was not necessary for the plaintiff to have filed or made a motion to dissolve the injunction in order to recover the attorney's fee claimed in this case. If she employed an attorney in the trial of the case, and such attorney did attend to the trial of the case, then I instruct you that plaintiff is entitled to recover the attorney's fee paid in defending the case of McManus v. Creek, and your verdict must be for the amount so paid for plaintiff.' We think this instruction is erroneous. It entirely ignores the necessity of separate employment of the attorney and payment of a fee in and about securing the dissolution of the injunction.''

Applying these authorities to the case at bar, the query at once presents itself—Has the plaintiff separated the charges for services which might be referable to obtaining the dissolution of the temporary injunction from those solely necessary to the defense of the injunction suit itself? We do not think so. Turning to the record, we find that counsel for plaintiff,.as a witness for the latter, testified: "I think the reasonable fee, I was about to state, for representing Mr. Housley in the case would be $250.00." This testimony was objected to by counsel for the defendant Federal Surety Company, "because it purports to give the court an idea of the reasonable fee charged for services for which there can be no fee charged under the bond, or any liability for which the surety company would be liable; it does not segregate." The same witness testified also:

"I think I have gone into detail of what was done before the order was dissolved. After that time the demurrer was filed and the motion to make more definite and certain was filed, but the briefing of the case and the examination of the law and the petition was done prior to the time that the injunction was dissolved, so that the demurrer and motion drawn afterwards were merely the result of the work previously done; * * * I believe to apportion this amount, that a fair proportion of the entire fee in each case would be a matter of $200.00, up to the time and including the dissolution of the injunction, and $50.00 afterwards, because the work done afterwards was a very small amount compared to what was done prior to the time of the dissolution of the injunction."

Obviously there was no separation of the charges for services in preparing the demurrer and the motion to make the petition in the injunction suit more definite— proceedings which dealt solely with the defense of the action after the temporary injunction had been dissolved —from those necessary in procuring the dissolution of that writ. Indeed, it nowhere appears in the record just

what the charges for the services in obtaining the dissolution of the injunction were. There was no motion to dissolve made. The motion for additional security being argued and granted accomplished indirectly the same result as a successful motion to dissolve. The order requiring additional security and the dissolution order in effect decided that the injunction had been issued improvidently upon insufficient security and hence plaintiff was not entitled thereto. But there is nothing in the record to show the charge made for preparing and arguing that motion. It is true that the witness says $200 would be a proper charge for all items of service prior to the date of dissolution of the temporary injunction, and $50 for those rendered after that time. But his testimony also shows that the demurrer and motion filed after the dissolution of the injunctional order were "merely the result of the work previously done." In brief, the apportionment was not properly made and it hence was quite impossible for the District Court to render a judgment for the services legally chargeable upon the testimony as presented. In the Littleton v. Burgess decision, supra, it was pointed out that in a suitable case objection to the evidence on the ground of failure to separate the items of service charges along the lines above indicated might well be made. As we have seen, objection was made in the case at bar, but no correct segregation of the charges was undertaken. Under the authorities cited above, plaintiff was required to do this or fail in the suit. Though warned by the objection of opposing counsel, he made no such segregation. It would seem that the trial court could not have done otherwise than enter a judgment against him.

It results from what we have said that the judgment of the District Court must be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.