SOLOMON *v.* CHESLEY & *a.*

In an action on a bond given to indemnify one against loss from an injunction granted under the 36th rule in chancery, on a bill in equity brought to vacate a judgment and enjoin execution upon it, the reasonable counsel fees incurred in defending against the bill may be recovered as damages.

DEBT, on the bond of the defendants given to indemnify Mohr, Solomon & Mohr against loss from an injunction issued against them, under the 36th rule in chancery. The plaintiff, as surviving partner of Mohr, Solomon & Mohr, recovered judgment against Chesley, and took execution upon it. Chesley, charging that the judgment was obtained by fraud, filed a bill in equity to vacate it and restrain its collection, and, upon filing the bond in suit, procured a temporary injunction. The bill was tried, and failed. Sub-

sequently, on review, the original suit at law was tried, and the judgment reversed.

The plaintiff claims, as damages, the amount of the judgment in the original suit, the taxable costs in the equity suit, and the charges of counsel in defending it.

*G. C. Bartlett*, for the plaintiff.

*Towle* and *Frink*, for the defendants.

ALLEN, J.   The equity proceeding, instituted to vacate and enjoin the judgment obtained in the first suit of *Solomon* v. *Chesley*, failed, and left that judgment just where the proceeding found it. The bond was given to indemnify the defendant in that proceeding in case it was determined in his favor, as it eventually was.   The equity suit was independent of the action of review, and did not aid in showing the first judgment to be erroneous.   The result made it manifest that it was a groundless proceeding, and the right of the prevailing party to the cost of defending against it was not affected by the result of the action of review.

The obligation of the bond was to fully indemnify the plaintiff from all loss, cost, or damages arising from the injunction.   36th Rule in Chancery; *Towle* v. *Towle*, 46 N. H. 431.   The damages were such as naturally resulted from the dilatory operation of the bill in equity, the injunction staying execution on the judgment in the suit at law, and the costs incident to the proceeding, including reasonable counsel fees.   *Derry Bank* v. *Heath*, 45 N. H. 524.   He could not include in his damages the amount of the judgment, for he was not entitled to retain it.   Had he been entitled to retain it, he could not make the amount a part of his damages here, unless the injunction, by delay, would have prevented the subsequent collection of the judgment.   It not appearing that he has not collected, or might not now collect, the taxable costs of the equity suit of the party prosecuting it, he cannot include that item in his damages.

The reasonable counsel fees incurred in defending against the bill were costs which it was the plaintiff's right, if not his duty, to incur, and which naturally resulted from the proceeding, and these he can recover.

*Case discharged.*

SMITH, J., did not sit: the others concurred.