Merrimack, ⎱
Dec. 5, 1911. ⎰

ROGERS & *a.* *v.* CLOUGH & *a.*

One who wrongfully procures an injunction against the cutting of timber must defend in his own right, and cannot avoid liability on the ground that the action brought by him might legally have been resorted to by others.

Where an injunction is granted on condition that the plaintiff file a bond to save the adverse party harmless from all loss, cost, damage, or expense arising from the suit, the prevailing defendant is entitled to taxable costs and whatever damage or expense he has been subjected to on account of the proceeding, the entire amount of his recovery being limited by the sum named in the bond.

MOTION, by the defendants, for the assessment of damages caused by the wrongful issuance of an injunction against them and the prosecution of a proceeding for reformation of a deed. Transferred from the April term, 1911, of the superior court by *Wallace,* C. J.

In the fall of 1906, the defendants purchased woodland in Loudon, and on February 6, 1907, began cutting the timber thereon. February 7, the plaintiffs filed a bill in equity praying that a deed of real estate in which they were named as grantees be reformed so as to include the tract purchased by the defendants, and also a bill praying that the defendants be enjoined from cutting timber on the land in dispute. After a hearing, an injunction was issued upon the plaintiffs filing a bond in the sum of $500, conditioned to save the defendants harmless from all loss, cost, damage, or expense to which they might be subjected by reason of the two suits. In January, 1908, the bill for reformation was dismissed and the injunction was dissolved.

At a hearing upon the motion for an assessment of damages, the plaintiffs offered to prove that the defendants were not the legal owners of the land at any time while the injunction was in force. The evidence was excluded, and the plaintiffs excepted. The court found that the defendants' loss on the timber was $400.79, their reasonable expenses on account of the injunction petition were $15, and their expenses on account of the proceeding for reformation were $191.85. The plaintiffs' motion to limit the defendants' expenses to $15 and the defendants' motion to assess their damages at $607.64 were both denied, subject to exceptions. The court assessed the defendants' damages at $500.

*Elwin L. Page* and *Streeter, Demond & Woodworth* (*Mr. Page* orally), for the plaintiffs.

*Martin & Howe* and *Remick & Hollis* (*Alexander Murchie* orally), for the defendants.

YOUNG, J. The plaintiffs concede that as to them the defendants' title is good, but contend that they should not be compelled to pay the loss caused by their unlawfully preventing the defendants from removing the timber, because, as they say, there are persons who might legally have done what they did. They neither defend through these persons nor contend that these persons have any claim against them because of the injunction. If there is a rule which permits a person to do, without incurring liability, whatever any one may legally do (*Jenkins* v. *Parkill*, 25 Ind. 473), it does not obtain in this jurisdiction. *Beach* v. *Morgan*, 67 N. H. 529, 531. In this state a person must defend in his own right. *Roberts*

v. *Rowe*, 75 N. H. 36.   He cannot defend in the right of others unless he claims through them (*Fowler* v. *Owen*, 68 N. H. 270, 272); and this seems to be the general rule, in so far, at least, as actions of this kind are concerned.   *Slack* v. *Stephens*, 19 Col. App. 532; 22 Cyc. 1042.   The question whether the plaintiffs might have shown that others were making such persistent claims to the land that it is improbable the defendants would have cut the timber, even if they had not been enjoined, is not raised and has not been considered.

The injunction was granted on condition that the plaintiffs give "a bond with sufficient sureties in the sum of $500, to answer to said defendants for any loss, cost, damage, or expense to which they may become subject on account of said suit or this injunction." If it were not for this order, the defendants' recovery would be limited to their taxable costs.   On the other hand, procuring the injunction bound the plaintiffs to comply with the conditions on which it was issued.   Consequently the order limits both the amount the defendants can recover and the items of expense which are chargeable to the plaintiffs.   In other words, the amount the defendants can recover in excess of their taxable costs and the items which compose it both depend on the terms of the order.   If the language the court used is given its ordinary meaning, or for that matter any meaning of which it is fairly capable, the defendants must have understood that they could not recover more than $500 in case the plaintiffs failed; for the decree provides that the plaintiffs are to answer to them in that sum—not to pay whatever "loss, cost, damage, or expense" they may sustain.   The decree provides in terms that the plaintiffs are to answer for any expense to which the defendants may become subject on account of said suit.   Therefore the court did not err when it refused to limit the costs of suit to $15, nor when it limited the defendants' damages to $500.

*Exceptions overruled: case discharged.*

All concurred.