Rockingham, }
June 28, 1928. }

WELLS C. SMITH *v.* C. SHERMAN SMITH, *Ex'r.*

*Perley Gardner, Robert W. Upton* and *Winthrop Wadleigh* (*Mr. Wadleigh* orally), for the plaintiff.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the defendant.

PEASLEE, C. J.   The law governing this case is stated in *Rogers* v. *Clough*, 76 N. H. 272, 274. "If it were not for this order, the defendants' recovery would be limited to their taxable costs. On the other hand, procuring the injunction bound the plaintiffs to comply with the conditions on which it was issued. Consequently the order limits both the amount the defendants can recover and the items of expense which are chargeable to the plaintiffs. In other words, the amount the defendants can recover in excess of their taxable costs and the items which compose it both depend on the terms of the order."

It being found that there was no damage caused by the restraint of a sale, and that the services and expenses which were allowed for "were entirely in . . . defending against the illegal claim of the plaintiff," no recovery can be had upon the bond. The condition was plain. It dealt only with loss or expense "by reason of this injunction." It did not concern the defence against the merits of the

plaintiff's claim. If the injunction had not been issued, the expenses would have been incurred. They were not caused by the injunction.

The further statement of the presiding justice that "The court rules as a matter of law and finds so far as it is a matter of fact that they are proper elements for allowance as damages under the injunction bond," does not affect the result. As a ruling of law it is erroneous, and it contains no element of a finding of fact. The facts were already found, and the conclusion thereupon was one of law. *State* v. *Railroad*, 70 N. H. 421.

None of the cases cited by the defendant sustain his position. In *Rogers* v. *Clough, supra*, the bond provided for recovery of the expenses incurred in the main action. In *Derry Bank* v. *Heath*, 45 N. H. 524, the injunction stayed a suit at law; and recovery was allowed for expenses in that suit, while so delayed. There is no suggestion of liability for other expenses in that action. *Solomon* v. *Chesley*, 59 N. H. 24, was a suit on a bond given in an equity proceeding, the sole object of which was to restrain the prosecution of a suit at law. Of course the counsel fees paid in defending that bill concerned the injunction and were properly allowed.

The argument that because the court has found, in effect, that the plaintiff's whole claim was fraudulent, therefore a recovery should be allowed here, loses sight of the element that the liability sought to be enforced depends upon the terms of the order and the bond. Had the defendant desired the protection now claimed, he should have moved for a bond covering the expenses of the suit.

*Exception sustained.*

Snow, J., was absent: the others concurred.