Rockingham, } No. 3951.
Nov. 8, 1950. }

THEODORE ALLEN & a

*v.*

NEWMARKET INDUSTRIAL ASSOCIATES, INC. & a.

*Walter M. Espovich* (of Massachusetts) and *J. Morton Rosenblum* (*Mr. Espovich* orally), for the plaintiffs.

*Hughes & Burns, Donald R. Bryant* and *Richard E. Shute* (*Mr. Bryant* orally), for the defendant Newmarket Associates, Inc.

*F. Clyde Keefe* for the defendant Sam Smith Shoe Corporation.

DUNCAN, J. The law is settled in this jurisdiction that damages

resulting from breach of condition of an injunction bond may be determined in the equity action in which the injunction is issued. *Carpenter v. Fisher*, 68 N. H. 486, 493. See *New England Box Co.* v. *Prentiss*, 76 N. H. 313. Since this action was prosecuted to a final decree, the breach relied upon by the defendants is that the temporary injunction was improper. So far as material the condition is in the language of Superior Court Rule 136 (93 N. H. appendix) and is to be construed no differently. *Gowen* v. *Swain*, 92 N. H. 157.

The plaintiffs assert at the outset that the temporary injunction was properly issued. The order of the Trial Court requiring payment by the plaintiffs of costs and counsel fees implies a ruling that the injunction was improper, although the record does not indicate what consideration was given to this preliminary question.

While the order of this court entered upon the former transfer effected no change in the final disposition of the bill previously made by the Trial Court, there was no adjudication that the temporary injunction was improperly or improvidently issued. The plaintiffs' bill alleged entry by the defendant Associates into a contract for the sale of a part of its assets for $35,000 pursuant to invalid action by its board of directors. This allegation was in effect admitted by both defendants. Superior Court Rule 114. The bill also alleged that the negotiations for sale had been conducted secretly and without regard for the best interests of the company, or consideration of the possibility of obtaining a more advantageous price from other parties. These allegations were denied. The plaintiffs sought a decree adjudging the agreement between the defendants null and void and requiring that the property be offered for sale "publicly and openly." Pursuant to a further prayer, conveyance of the property by the associates was enjoined pending a hearing on the merits.

Immediately thereafter a second directors' meeting was held and action taken which the defendants claimed at the trial was sufficient to cure the defects of the prior authorization assailed by the bill. The record discloses no effort on their part however to procure dissolution of the injunction before the trial. The Trial Court ruled that the action of the second meeting cured any defects in that of the first. The effect of the curative action was not determined by this court, but a related ruling by the Trial Court that certain participants in the meeting were *de facto* directors was held erroneous. 95 N. H. 121, 125.

As the plaintiffs later pointed out by motion for rehearing, they were ultimately sustained in their major contentions. The agreement between the defendants was held not to be binding, the directors were

charged with a duty to consider offers other than that made by the defendant Smith Shoe Corporation, and certain officers who had participated in the directors' meeting were held not to be directors *de facto* or *de jure*. While the action was held to present no occasion for injunctive relief, the decision would have furnished a basis for such relief had the defendants threatened to disregard it. On the motion for rehearing, the opinion was modified to indicate that the matter of costs was within the jurisdiction of the trial court.

This record does not support a ruling that the temporary injunction was improperly issued. "The rule that the final outcome of the suit, and not the order vacating the temporary injunction, determines the right to damages . . . is well settled." *New York Security & Trust Co.* v. *Lipman*, 83 Hun. (N. Y.) 569, 571. The temporary injunction, when entered, precluded conveyance of property pursuant to an unauthorized agreement. It operated to suspend or invade no vested legal rights of the defendants. See *White* v. *Brooke*, 11 Wash. 99, 106. While authorization was claimed to have been given by the subsequent meeting of the directors, the defendants made no effort to have the injunction dissolved on that account, and the agreement remained unenforceable because incomplete. 95 N. H. 121, 123. Since the terms upon which the proposed conveyance was to be made were never formulated, or finally approved by the directors, the defendant Associates had no right to make the conveyance which was enjoined, and the injunction was at all times proper.

The claims for damages advanced presuppose postponement of performance of the agreement because of the injunction; but the defendants are not entitled to damages for interference with performance of an unenforceable agreement. Neither may they properly claim to have been prevented from entering into a new contract, when they themselves asserted no right to do so during the continuance of the injunction. At the trial they took the position that the original agreement was binding and valid. The plaintiffs sought to set it aside. They should not be penalized for preventing a new contract at a time when the defendants denied that they were free to make one. The opinion of this court pointed out a duty to consider offers which the defendant Associates had refused to consider because of the agreement with the defendant Shoe Company.

The fact that the defendant Associates later abandoned this position in this court does not affect the conclusion. The injunction had then expired by its own terms, and been dissolved by express order. No new exercise of judicial power revived it. See *Virginian Railway*

v. *United States*, 272 U. S. 658, 669; *Lowell Bar Ass'n* v. *Loeb*, 315 Mass. 176, 188; *Powers* v. *Fid. & Dep. Co. of Md.*, 42 Del. 577; 2 High, Injunctions (4th *ed.*) s. 1709. Pending transfer to this court, any effect which the litigation had upon the marketability of the defendants' property arose from the dispute concerning the binding effect of the agreement rather than from the dissolved injunction which was ancillary to the principal proceeding. "If the injunction had not been issued [the damages] would have been incurred. They were not caused by the injunction." *Smith* v. *Smith*, 83 N. H. 342, 344.

The rights of the parties as defined by the former opinion establish the propriety of the temporary injunction. The order for the payment of costs and counsel fees "out of the injunction bond" should be vacated. This conclusion makes it unnecessary to consider the remaining questions reserved and transferred. The taxation of costs in favor of the defendants is discretionary with the Superior Court; but they are not damages for which the surety on the bond would be liable.

*Exception sustained.*

All concurred.