The County of Lake, Plaintiff-Appellee, v. John F. Cuneo, Defendant-Appellant.

Gen. No. 10,510.

Opinion filed August 23, 1951.
Released for publication September 12, 1951.

CAMPBELL, CLITHERO & FISCHER, all of Chicago, and SNYDER, CLARKE & DALZIEL, all of Waukegan, for appellant.

ROBERT C. NELSON, State's Attorney, of Libertyville, for appellee; SIDNEY H. BLOCK, RICHARD R. BAIRSTOW, and HENRY D. FISHER, all of Waukegan, of counsel.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This matter comes on appeal to this court from the circuit court of Lake county from certain orders therein hereinafter described. The record discloses that in 1946 the County of Lake filed its complaint in the circuit court of Lake county hereinafter called the plaintiff against John F. Cuneo, hereinafter called the chief defendant. The complaint stated in substance that the defendant was building certain buildings near an intersection of the highway in violation of the zoning

ordinance heretofore adopted by the plaintiff. The complaint prayed for a temporary and permanent injunction restraining Cuneo from proceeding with the construction of the buildings. A temporary injunction was issued on the date the suit was filed, without notice and without bond. An answer and counterclaim were filed to complaint by Cuneo, the defendant, and in substance he asked that the setback resolution or zoning ordinance be declared void, that the temporary injunction be dissolved, and that Cuneo be granted a permanent injunction against the County of Lake, restraining it from interfering with Cuneo's erection of the building.

This case was heard on the pleadings. The circuit court entered an order making the temporary injunction issued to the County of Lake permanent as against Cuneo and dismissed the counterclaim for want of equity. The case was appealed to the Appellate Court for the Second District and was reported in *County of Lake v. Cuneo*, 333 Ill. App. 164. The Appellate Court reversed the circuit court with directions that the circuit court enter judgment in favor of Cuneo and award to him the permanent injunction asked for by Cuneo in his counterclaim. The circuit court complied with the order, entered a decree in conformity therewith, and retained jurisdiction for future consideration on the question of damages to Cuneo for the wrongful issuance of the temporary injunction. The court gave Cuneo fifteen days to file his suggestion of damages in conformity with the provisions of chap. 69, par. 12, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 109.360]. Such suggestion of damages was filed on June 17, 1948, and included counsel fees and other expenses in procuring the dissolution of the writ of injunction and other damages due to nonuse of the premises and increased cost of building materials, etc.

The hearing on this motion was set for December 7, 1949. This hearing was later postponed at plaintiff,

County of Lake's request to January 19, 1950, on which date the plaintiff filed a motion to strike the suggestion of damages, over the written objections of the defendant. In the motion to strike the plaintiff contended that the order dissolving the injunction was surplusage, that the temporary injunction was never dissolved but merged into the first decree, that damages under sec. 12 of the Injunction Act, *supra,* could only be allowed upon the dissolution of a temporary injunction, and that the county-plaintiff was immune from any and all damages. No evidence was heard on this motion to strike, and on November 18, 1950, the trial court sustained a motion to strike the suggestion of damages on the pleadings and entered a final order denying all damage to the defendant. From this order the defendant has appealed.

Defendant contends that the motion of the plaintiff to strike defendant's suggestion of damages was improperly filed and considered, and is contrary to Rule 8 of the Supreme Court. Plaintiff contends that the trial court had a broad discretion in allowing the filing of new pleadings at any time. Rule 8, subpar. 4, provides in substance that a motion to attack a pleading must be filed within twenty days after the last day allowed for the filing of the pleading attacked. Subpar. 5 of the same rule provides in substance that the judge for good cause shown may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of time. (Chap. 110, par. 259.8, Supreme Court Rule 8.)

██ The court had power under this rule within its discretion to permit the filing of the motion to strike suggestion of damages at any time, and we cannot say that his permitting it was an abuse of this discretion.

██ One of the important questions to be decided here is whether a county which obtains a wrongful

temporary or permanent injunction against an individual, which injunction is later dissolved by the court, is liable in damages to the individual for procuring the said injunction. The law is settled in this state and has been settled since 1844, that a county or other quasi-municipal corporation is not liable in an action sounding in tort to any individual who was injured by reason of the negligence of the quasi corporation. In *Hedges v. County of Madison*, 6 Ill. (Gilm.) 567, it was held that a county was not liable to a person who was injured by reason of a defective bridge. The same rule under different factual situations has been announced by our Supreme Court in *Town of Waltham v. Kemper*, 55 Ill. 346, *Symonds v. Board of Sup'rs, Clay County*, 71 Ill. 355. Following this rule, in *Hollenbeck v. Winnebago County*, 95 Ill. 148, it was held the county was not liable for death to a person who was killed by the falling of a portion of the courthouse while it was being erected. The court says on page 163 of the opinion: "But it is said this case differs from the authorities cited in this, that the alleged negligence was affirmative in character, imputed to the county itself. The authorities, however, do not seem to make a distinction between the negligence of a town or county in failing to observe a duty and the performance of that duty in a negligent manner."

██ So here in the instant case it makes no difference in testing the liability of the plaintiff that the wrong committed by the plaintiff was affirmative in character. This rule is sound and is supported by the *Hollenbeck* case and others above mentioned.

In *County of Cook v. City of Chicago*, 311 Ill. 234, is a case where the Supreme Court was required to pass upon the power of the County of Cook to enact a fire prevention ordinance. JUSTICE STONE wrote a scholarly opinion. The reasons, the history, the legal philosophy, and the authorities applicable to the question are here

fully reviewed. The Supreme Court says, on page 239 of the opinion: ''There is a distinction to be borne in mind between municipal corporations proper, such as exist by charters issued by the State, as incorporated towns, cities and villages voluntarily organized under the general Incorporation act, and corporations such as counties and townships, which are frequently referred to as involuntary quasi corporations. Municipal corporations are those called into existence either at the direct request or by consent of the persons composing them. Quasi municipal corporations, such as counties and townships, are at most but local organizations, which are created by general law, without the consent of the inhabitants thereof, for the purpose of the civil and political administration of government, and they are invested with but few characteristics of corporate existence. They are, in other words, local subdivisions of the State created by the sovereign power of the State of its own will, without regard to the wishes of the people inhabiting them. A municipal corporation is created principally for the advantage and convenience of the people of the locality. County and township organizations are created in this State with a view to aid in carrying out the policy of the State at large for the administration of matters of political government, finance, education, taxing, care of the poor, military organizations, means of travel and the administration of justice. The powers and functions of county and township organizations, therefore, as distinguished from municipal corporations, have a direct and exclusive bearing on and reference to the general, rather than local, policy of government of the State. (*Hamilton Co. v. Mighels,* 7 Ohio St. 109; *Askew v. Hale,* 54 Ala. 639; *County v. Chattaroi Railroad Co.,* 81 Ky. 225; *Manuel v. Commissioners,* 98 N. C. 9; *Cathcart v. Comstock,* 56 Wis. 590; 1 Dillon on Mun. Corp.—4th ed.—sec. 23.) Counties

and towns, being purely auxiliaries of the State, owe their creation to the general statutes of the State, which confer upon them all the powers which they possess and prescribe all the duties and liabilities to which they are subject. They have been referred to as ranking low in the scale or grade of corporate existence, and for that reason are frequently termed quasi corporations. *Hamilton County v. Garrett,* 62 Tex. 602; *Union Township v. Gibboney,* 94 Pa. St. 534.

"Under the act to incorporate counties, approved January 3, 1827, counties are constituted a body corporate and politic, with power to make and enter into contracts and to sue and be sued in relation to such contracts, and by sections 24 and 25 of the Counties act (Smith's Stat. 1923, p. 529,) numerous other powers necessary to the exercise of corporate powers of counties are there granted, not, however, including police powers. It has been uniformly held that a right of action for damages does not lie against a county or township. The ground upon which this doctrine rests is, that these organizations are not voluntary but compulsory; not for the benefit of individuals who have asked for such a corporation, but for the public generally.

"The distinction between counties and townships, or quasi corporations, and incorporated cities, villages and towns, was laid down in the early case of *Russel v. Men Dwelling in the County of Devon,* 2 Durn. & East, 311. It was there held that while an action would lie by an individual against another for injury the former had received, on the ground of personal liability therefor, and while for that reason an action for damages can be maintained against municipal corporations because of their voluntary character, yet as to quasi corporations, such as townships and counties, such action does not lie against them in the absence of a statute authorizing it. A distinction is drawn be-

tween the character of these organizations in *Riddle v. Proprietor of Locks,* 7 Mass. 186, where it was held that because of the limited character and powers and the involuntary nature of quasi corporations the same may not be sued for damages. A like conclusion is reached in *Bartlett v. Crozier,* 17 Johns. 446. This is likewise the rule in this State as established by a long line of decisions. (*Hedges v. County of Madison,* 1 Gilm. 567; *Browning v. City of Springfield,* 17 Ill. 143; *Town of Waltham v. Kemper,* 55 id. 346; *White v. County of Bond,* 58 id. 297; *Symonds v. Board of Supervisors of Clay County,* 71 id. 355; *Hollenbeck v. County of Winnebago,* 95 id. 148.) In the last cited case attention is called to the fact that counties are clothed with but few corporate powers, and these are not of a private character but rather a part of the political government of the State; that a county can, however, sue and be sued and has the power to purchase and hold real estate; that the county board has power to manage county funds and county business, settle accounts against the county and collect taxes for county purposes. It is the duty of the county to erect or otherwise provide, when necessary and finances will justify it, and to keep in repair, a suitable court house, jail and other necessary county buildings. These, with a few other similar provisions, constitute the duties and powers delegated to the county and county boards by the legislature. There is no delegation of police power to the counties and townships of the State, and it would seem clear, therefore, that by the delegation of the police power to cities, villages and incorporated towns the legislature intended that the exercise of that power over the property and inhabitants within the limits of the city or village should be by that municipality, subject, of course, to the right of the State, of which it is never divested, to exercise the police power.''

249

Again in *McEathron v. Township of Worth*, 315 Ill. App. 47, it was held that a township was not liable to a child who was injured while playing with machinery of the township, and that the general policy of the State gave the township immunity from liability for such a cause of action.

■■ Defendant admits that the above law is the settled law of this State, but urges that this law is archaic and outmoded, and should be changed. It may be this is true, but as was stated by the courts in many of the opinions above mentioned, this is a question for the legislature and not for the courts. There is no authority for the precise question before us in this State; so it must be decided by analogy to rules announced in the above cases. The wrong of obtaining an invalid injunction in an action sounding in tort is and must be as much a wrong as if a county maintained a defective bridge which caused injuries to innocent persons. The wrong in obtaining the invalid injunction was created and could only be created by an act of an agent or attorney for the county. It must be admitted that the obtaining of a preliminary injunction was within the scope of the governmental functions of the county. We can see no distinction between the wrongs created by the acts of the county in the many cases above cited and the wrong created here. They are all wrongs committed by the county or like municipal corporations, tortious in character and under the law not compensable. The defendant cites as authority that a county is liable for wrongfully obtaining an injunction, *Freeman v. Lee County*, 66 Miss. 1. This case appears to be the only case on the precise question in the country.

In view of the fact that our law is well settled, we do not regard this opinion as persuasive.

■ Defendant contends and urges that the fact that a county may sue and be sued by statute, and that

the statute permitting this does not state that it is or is not liable for such wrongs as were committed here, is authority that they are liable. Such a statute could not be construed to mean that it intended to overturn the settled law of the State on the subject. It was held in *Clare v. Bell,* 378 Ill. 128, that unless the terms of a statute of limitations expressly include the State, county or other governmental agencies, the statute so far as public rights are concerned, as distinguished from private and local rights, is inapplicable to them. This contention of the defendant is untenable.

The county not being liable for any damages arising out of the issuance of the preliminary or permanent injunction, the trial court was correct in striking the motion in suggestion of damages. The county not being liable for any damages, it is unnecessary for us to pass upon the other questions raised on this appeal alleged as errors by the defendant.

The judgment of the circuit court was correct, and should be and is affirmed.

*Judgment affirmed.*