Rockingham,
No. 4295.

CALEB M. FOWLER *v.* CAROLENA C. TAYLOR.

Argued April 6, 1954.

Decided May 4, 1954.

*Sleeper & Mullavey* (*Mr. Sleeper* orally), for the plaintiff.

*Frank B. Batchelder* and *Russell H. McGuirk* (*Mr. McGuirk* orally), for the defendant, furnished no brief.

BLANDIN, J. The defendant having prevailed in the action against her, the question now is as to the interpretation of the order for a cash bond by the plaintiff when he procured a temporary

order restraining the defendant from foreclosing the mortgage held by her. The order so far as material, provided merely "this temporary injunction to become effective upon deposit of the sum of Three Hundred Dollars with the Clerk of said Court, to be held by said Clerk as cash bond." The plaintiff argues in effect that since there was no written bond providing for the payment of "all loss, cost, damage or expense" occasioned the defendant by the injunction, her damage must be limited to her taxable costs. We do not believe this is a reasonable interpretation of the Court's order. The obvious purpose of requiring the bond here was to protect the defendant against such damages as she might sustain if the injunction were improperly issued. "Whenever an injunction is issued without notice to, or appearance by, the adverse party . . . the party at whose request it. is issued, ordinarily shall, and in any case may, be required to give bond with sufficient sureties, conditioned to pay and satisfy all such damages as may be occasioned to the adverse party by reason of the injunction, in case it shall appear that the injunction was improper." Superior Court Rule 136. Such has been the practice followed for many years by our courts. *Allen* v. *Newmarket Associates,* 96 N. H. 340; *Gowen* v. *Swain,* 92 N. H. 157.

While the better practice in this case would have been for the Court to have required a written bond or to have inserted the pertinent language of this rule in the order, we do not believe this affects its clearly implied meaning. It seems highly improbable that a bond of this size would have been required to cover merely taxable costs to which the defendant would have been entitled anyway. Rather it seems reasonable to construe the order as covering "all such damages" as might be occasioned the defendant if the injunction were improper, in accordance with our practice and Rule 136, *supra.*

In *Rogers* v. *Clough,* 76 N. H. 272, cited by the plaintiff, the precise question raised here was not before the court. In *Smith* v. *Smith,* 83 N. H. 342, the damages were not found to have been caused by the injunction. In this case the plaintiff made no claim at the hearing that counsel fees sought as damages did not result from the injunction. Under these circumstances they are recoverable (*Gowen* v. *Swain,* 92 N. H. 157), and the Trial Court's finding that the sum of $300 is reasonable is amply supported by the evidence.

There is no merit to the objection, raised for the first time

before us, that the Court based its findings on statements of counsel, as such procedure was entirely valid. *Vidal* v. *Errol,* 86 N. H. 585, 586.

The order is

*Decree affirmed.*

All concurred.