Cheshire,
No. 4380.

KEENE *v.* ANTOINETTE PARENTEAU.

ANTOINETTE PARENTEAU *v.* KEENE & a.

Argued March 1, 1955.

Decided March 25, 1955.

*Edward J. O'Brien* and *William H. Kennedy,* city solicitor (*Mr. O'Brien* orally), for the city of Keene.

*Olson & Olson* (*Mr. Arthur Olson* orally), for Antoinette and Elphege Parenteau.

*Howard B. Lane* for Rudolph L. Piche, intervenor, furnished no brief.

LAMPRON, J. The main issue in this case is whether the city council acted unreasonably or arbitrarily in denying the amendment to the zoning ordinance sought by Antoinette Parenteau. *Brady* v. *Keene,* 90 N. H. 99, 101.

Upon the hearing before the Court she had the burden of proving that the decision of the city council was unreasonable or unlawful and all findings of the council "upon all questions of fact properly before it shall be deemed *prima facie* lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable." R. L., c. 51, s. 65 c (as inserted by Laws 1949, c. 278, s. 2); *Gelinas* v. *Portsmouth,* 97 N. H. 248, 249; *Carrick* v. *Langtry,* 99 N. H. 251, 253. We are of the opinion that the Court's findings and rulings and its decree dismissing the appeal were warranted.

There was no evidence that the existing classification of this district as a single residence zone was not a proper exercise of the authority granted by R. L., c. 51, ss. 50-52; *Stone* v. *Cray,* 89 N. H. 483; *Kimball* v. *Blanchard,* 90 N. H. 298. There was evidence that Antoinette conducted another store nearby from 1935 to 1949 and this one since then and that it would be a financial hardship on her if she was not permitted to continue so doing. Also that it was convenient for some of the people in the neighborhood to have such a store maintained. The evidence also showed that the present store was different in character from the previous one, being more of a general or variety store than a dress

shop as the first store originated. It was also testified that traffic conditions in the neighborhood were affected by its maintenance and that papers and cartons from purchases made therein were blown on neighboring lawns and that children cross an adjoining lawn to reach the store. There was testimony that the store is used to buy "odds and ends" and that the regular food shopping is done elsewhere.

On the record the Court could properly find and rule that the petitioner failed to sustain the burden of establishing that denial of her petition for amendment of the ordinance was unreasonable or unlawful. *Scott* v. *Davis*, 94 N. H. 35, 38; *Edgewood Civic Club* v. *Blaisdell*, 95 N. H. 244, 246. Since no appeal was taken from the denial of the petition for a variance, the findings and rulings on hardship and on the effect of the present use on the values of surrounding properties are significant only as they relate to the issue of public need.

The maintenance of the store in its present location being in violation of the ordinance the Court's decree restraining its operation was proper. R. L., c. 51, s. 70; *Stone* v. *Cray, supra.*

The above being the only exceptions briefed or argued the order is

> *In Keene v. Parenteau, exceptions overruled;*
> *in Parenteau v. Keene, appeal dismissed.*

All concurred.