Rockingham
No. 6998

### Town of Exeter

v.

### James R. Britton d.b.a.
### Sherwood Forest

April 30, 1975

*Scammon, Gage & Whitman (Mr. Robert G. Whitman* orally) for the plaintiff.

*Shaw and Robertson* and *Francis G. Holland (Mr. Robert Shaw* orally) for the defendant.

Grimes, J. The issue on appeal is whether municipal immunity bars the collection of costs and damages on an injunction bond furnished by a town as a condition precedent to securing a temporary injunction restraining an alleged violation of the town's zoning ordinance. We hold that it does not.

In 1970, the defendant acquired a parcel of land in a district where mobile homes were then permitted under the Exeter zoning ordinance. He intended to eventually provide facilities for between 300 and 1,000 mobile homes. He expended substantial sums installing sewer and water lines and paving streets and incurred other expenses. In 1971, the town amended its ordinance so as to include part of defendant's undeveloped land in a district where mobile homes were not permitted.

The town petitioned the superior court for a temporary and permanent injunction to restrain defendant from locating mobile homes on that part of his land that had been rezoned. On December 7, 1971, the Superior Court *(Keller,* C.J.) issued a temporary injunction effective upon the filing not later than December 17, 1971, by the town of an injunction bond in the amount of $10,000 "conditioned upon the plaintiff reimbursing the defendant for any damages he may suffer as a result of this injunction if it is found to be improper . . . ."

On September 15, 1972, the bond was increased after a hearing to $20,000 by *King,* J. After a hearing on the merits, the Master *(Leonard C. Hardwick,* Esq.) found in part that (1) the defendant by investing $750,000 in planning and developing his mobile home park had acquired a vested right in that development which could not be abridged by a new ordinance to limit that development and (2) that the town's action was "arbitrary and unreasonable." On this basis, he recommended dismissing the petition for a permanent injunction and dissolving the temporary injunction. The Superior Court *(Morris,* J.) entered a decree accordingly. Although the reserved case states that the bond was discharged, we understand that the discharge was not authorized by the court.

The defendant then filed for a hearing on the damages resulting from the temporary injunction and sought recovery under the bond. The Trial Judge *(Morris,* J.) on recommendation of the master ruled that municipal immunity barred recovery on the bond against the town of Exeter but later also on recommendation of the master vacated this ruling and transferred the question without ruling.

Temporary injunctions, such as the one sought here, are a proper remedy to enforce a suspected zoning violation, although it is not the sole remedy available. *Keene v. Parenteau,* 99 N.H. 415, 112 A.2d 667 (1955); 3 E. Yokley, Zoning Law and Practice § 22-4 (3d ed. 1967, Supp. 1974); Note, 8 Baylor L. Rev. 488 (1966); *cf.* 3 R. Anderson, American Law of Zoning chs. 23-25 (1968, Supp. 1974) (enforcement by injunction, declaratory relief, or criminal proceedings). However, the town of Exeter now challenges the propriety of requiring a bond against a political entity as a condition precedent to issuing the injunction. We hold that imposition of a bond requirement against political entities for interlocutory relief is within the discretion of the trial judge. *See Commonwealth v. Franklin Canal Co.,* 21 Pa. 117 (1853); *State ex rel. Bates v. Pattersen County,* 96 S.C. 29, 30, 79 S.E. 522, 523 (1913); *Kerns v. Couch,* 141 Ore. 147, 12 P.2d 1011 (1932); 83 A.L.R. 205, 207-08 (1933). This power

was implicitly recognized in *Tilton v. Sharpe,* 84 N.H. 43, 48, 146 A. 159, 161 (1929).

The superior court made its injunction effective only upon the filing of an injunction bond not later than December 17, 1971. RSA 491:App R. 148. *See also* RSA 491: App. R. 249 (Supp. 1973). Since the issuance of an injunction is an equitable remedy, it is within the power of the court to condition the issuance upon the filing of a bond whether or not the plaintiff is a subdivision of the State. *Tilton v. Sharpe,* 84 N.H. 43, 146 A. 159 (1929). Although there may be less reason for requiring a bond from a town than from an individual, the trial court in this case gave the town the choice whether to file the bond and obtain the temporary injunction or to proceed to a hearing on the merits without a temporary injunction. It chose to file the bond thereby contractually binding itself to its terms (RSA 31:3; 1 A. Corbin, Contracts § 258 (1963, Supp. 1971)) and the doctrine of municipal immunity from tort claims does not apply.

*Lake County v. Cuneo,* 344 Ill. App. 242, 100 N.E.2d 521 (1951), relied on by the town is inapposite since no bond was filed in that case. In *Tilton v. Sharpe,* 84 N.H. 43, 48, 146 A. 159, 161 (1929), although it was held that defendant could not recover the loss sustained by reason of the temporary injunction obtained by the town in the absence of a bond, the court said: "A bond or other security for payment of such loss might have been required when the restraining order was made, but in the absence of such security, the damage claimed is not recoverable. *Rogers v. Clough,* 76 N.H. 272 . . . ." The clear implication was that the town would have been liable on the bond if one had been filed.

*Remanded.*

All concurred.