Grafton
No. 6973

### NEW ENGLAND FIBER COMPANY, NEW ENGLAND MICA COMPANY, INC.

v.

### BATH FIBER COMPANY, INC.; PAUL W. GLOVER, SR., AND PAUL W. GLOVER, JR.

October 31, 1975

*Devine, Millimet, Stahl & Branch, Robert A. Backus* and *James E. Townsend (Mr. Backus* orally) for the plaintiffs.

*Hamblett, Kerrigan, LaTourette & Lopez* and *Martin J. McMahon, Jr. (Mr. McMahon* orally) for the defendants.

DUNCAN, J. This case arises out of a petition to enjoin foreclosure of a purchase money mortgage for $65,000 held by Bath Fiber Company on mill property in Bath, sold to the plaintiff New England Fiber Company in December 1968 for $90,000 pursuant to a purchase and sales agreement executed on July 1, 1968. The

plaintiff New England Mica Company, controlling stockholder of New England Fiber Company, was obligated as guarantor of the latter's mortgage to Concord National Bank of machinery purchased for the mill in July 1968. The venture was unsuccessful. New England Mica Company suffered a net loss of nearly $200,000 and New England Fiber Company went into bankruptcy. In March 1971, the stockholders of Bath Fiber Company assigned its assets and liabilities to a trustee pursuant to liquidation under section 337 of the Internal Revenue Code.

As early as May 1969 efforts were commenced to sell the mill as a going concern. In October 1969, the defendant Bath Fiber Company commenced foreclosure of its mortgage by sale advertised to be held on October 30, 1969. The plaintiffs then brought this petition alleging fraud and misrepresentation by the defendants in their transactions with the plaintiffs and seeking a temporary injunction against the foreclosure.

On October 28, 1969, the Superior Court *(Leahy,* C.J.) issued the temporary injunction, effective upon the filing of an indemnity bond in the sum of $10,000, which was duly furnished, and was conditioned upon payment to the defendants "of any judgment in their favor arising out of any delay occasioned by the injunction".

The following facts appear from the findings of a Master *(Chester C. Eaton,* Esq.) appointed to determine the claim of the defendants to damages under the injunction bond, which claim was denied subject to the defendants' exceptions. Following issuance of the injunction the defendants requested a hearing upon the merits of the injunction. The hearing commenced on February 6, 1970, before *Johnson,* J., but was discontinued when the parties reached an agreement that the defendants would take no further action to foreclose the mortgage before May 1, 1970, and that the plaintiffs would hold the defendants harmless from any loss occasioned by cancellation of insurance on the mortgaged premises.

Thereafter the plaintiffs proceeded with their efforts to sell the machinery located in the mill. The agreement reached at the aborted hearing before *Johnson,* J., was continued in force after May 1, 1970, to December 21, 1970, when plaintiffs advised the court and defendants' counsel that there was no further objection to foreclosure, and tendered possession of the mill to the defendants. The defendant Bath Fiber Company however did not foreclose its mortgage until August 12, 1971, when the property was purchased by Bath Fiber Company for $50,000.

On February 16, 1971, the plaintiffs filed a motion that it be

permitted to take a voluntary nonsuit and that the bond be discharged. Counsel for the defendants thereupon advised the clerk that they had "no objection to the allowance of the motion for non-suit", but objected to discharge of the bond and claimed a right to reimbursement for costs resulting. A specification of the defendants' claim totalling $37,362.93 was filed in November 1972, and hearing before the master was commenced on February 2, 1973. The master found and ruled that the defendants' claim, which was for "interest" and "deterioration" of the building for one and three-fourths years, and for unpaid real estate taxes and maintenance expense for the same period, was not shown by the evidence to have arisen "out of any delay occasioned by the injunction" within the meaning of the bond, since there was no depreciation of the building between October 29, 1968, and December 21, 1970, and since the alleged expenses "were not caused by the injunction". *See Smith v. Smith,* 83 N.H. 342, 142 A. 685 (1928).

The master also ruled that "[n]o liability arises on an injunction bond where the petitioner is entitled to the injunction at the time the Court grants it and he is not guilty of legal wrong thereafter". He found and ruled that the injunction was not erroneously granted, and recommended that the petition be dismissed without costs, and that the bond be discharged. These recommendations were approved by the Superior Court *(Batchelder,* J.) who reserved and transferred the defendants' exceptions.

The record warranted a finding that the temporary injunction was required in order to permit the plaintiffs to retain access to the heavy mill machinery for the purpose of sale, and thus to prevent irreparable loss to the plaintiffs should access be lost on foreclosure. The record also warranted the master's findings that the plaintiffs' investments in the enterprise were made in reliance upon misrepresentations by the defendants "made with knowledge of their falsity or conscious indifference as to their truth or falsity". The findings and rulings that the petition for the injunction was brought for probable cause and without malice, and that the injunction was properly issued are likewise supported by the law and the evidence.

The issue presented here is that of liability on the bond. That liability arises, under the terms of the bond, only if there is a judgment in favor of the defendants "arising out of any delay occasioned by the injunction". The defendants were entitled to such a judgment only if the injunction was improperly issued. Superior Court Rule 249, RSA 491: App. R. 249 (Supp. 1973).

The master properly ruled that no liability arises under a bond "where the petitioner is entitled to the injunction at the time the court grants it and he is not guilty of legal wrong thereafter". As a result of the aborted hearing of February 6, 1970, the defendants agreed to take no further action to foreclose before May 1, 1970, thus acquiescing in continuation of the injunction in force, and impliedly consenting thereto. As the master found: "At no time between May 1, 1970 and December 21, 1970 did the petitionees take steps to vacate the injunction or foreclose the mortgage". On December 21, 1970, the plaintiffs advised court and counsel that the foreclosure might go forward, and tendered possession of the property to the defendants. The defendants did not foreclose, however, until August 12, 1971, when Bath Fiber Company reacquired title to the property.

Ample authority supports the proposition that where an injunction is properly issued, but circumstances change so that it is no longer required, no liability arises on the bond although the action is later dismissed or the injunction dissolved. *M. Blatt Company v. Southwell*, 259 N.C. 468, 130 S.E.2d 859 (1963); *Scott v. Frank*, 121 Iowa 218, 96 N.W. 764 (1903); *Wood, Wire & Metal Lathers v. Brown & Root, Inc.*, 157 F. Supp. 342 (S.D. Ala. 1957); *see Columbus H.V. & T. Ry. Co. v. Burke*, 54 Ohio St. 98, 43 N.E. 282, 286 (1896); 42 Am. Jur. 2d *Injunctions* § 365, at 1179, 1180 (1969); 43 C.J.S. *Injunctions* § 281 b, at 1056 (1945); Annot., 91 A.L.R.2d 1312 (1963).

Contrary to the defendants' contentions, we do not find *Allen v. Newmarket Indus. Associates*, 96 N.H. 340, 76 A.2d 920 (1950), or *Crossman v. Quimby*, 89 N.H. 91, 193 A. 213 (1937), to be inconsistent with this principle. Nor do we consider that the evidence before the master required a finding that the expenses which the defendants sought to recover were occasioned by the injunction. *Smith v. Smith*, 83 N.H. 342, 142 A. 685 (1928). There was no evidence to compel a finding that the expenses would or could have been avoided had the original foreclosure sale been permitted to go forward since there was no market for the property; the defendants abandoned their objections to the injunction after February 6, 1970; and the judgment is not in their favor. The masters' finding that the damages sought were not caused by the injunction is sustained.

*Defendants' exceptions overruled.*

GRIFFITH, J., did not sit; the others concurred.