Hillsborough
No. 79-392

TOWN OF MERRIMACK

v.

RALPH R. SPADE

December 31, 1980

*Bossie, Kelly & Hodes*, of Manchester (*Jay L. Hodes* orally), for the plaintiff.

*Gottesman & Hollis*, of Nashua (*Morgan A. Hollis* orally), for the defendant.

GRIMES, C.J. The issue in this zoning case is whether the trial court erred in ruling that the defendant was not entitled to damages on an injunction bond. We hold that the court erred.

In August 1977, the defendant, Ralph R. Spade, purchased from Frank Robbins the property in question, located in a residential

district. At that time, Robbins had been operating an antique shop and an automobile repair and body shop on the land as a preexisting nonconforming use. After taking possession, Spade began making repairs and alterations to the interior of the building, with the intention of continuing the automobile body and repair shop business.

On August 26, 1977, Spade was informed that a building permit would be required before further work in the building could proceed, and he received a cease-and-desist order the next day. On August 29 Spade applied for a building permit. On August 30 and September 1 more cease-and-desist orders were served on him. On September 19 the town denied the building permit on the ground that Spade was violating certain provisions of the zoning ordinances. He appealed that ruling and also requested a variance to reletter and relocate a business sign. After denial of the variance and an unsuccessful request for rehearing, he appealed both cases to the superior court. In the meantime, on September 30, 1977, the town obtained a temporary restraining order, which was continued in effect when the town filed an injunction bond of $5,000. The injunction restrained Spade "from making further use of and from conducting further business operations upon said property."

All of these matters were consolidated and referred to a Master, *Chester C. Eaton*, Esq., who issued a report on September 11, 1979. He found that Spade had made no enlargement of the building but only improvements of existing facilities and that he had not extended a nonconforming use either of the building or as to the business sign. The master further found that Spade was entitled to maintain a commercial garage as a prior nonconforming use, and ordered the town to issue a building permit and a certificate of occupancy if it was found that Spade had complied with the town building code. The master dissolved the injunction but, because Spade lacked a building permit, found that he was in violation of the town building code and that the temporary injunction was properly granted. The master therefore ruled that Spade was not entitled to damages. On September 19, 1979, *Contas*, J., approved the master's report. After the master denied Spade's motion to set aside the report as to damages, Spade appealed.

The plaintiff argues that, because the issuance of the injunction was proper, no damages should be awarded on the bond. There is no dispute that Spade had a right to operate a garage on the property as a prior nonconforming use. Even if the master had

found that Spade was extending that use, there was no justification for enjoining him from conducting all business activities on the property. It is difficult to see how the continuance of even an extended use inside the building, pending a determination of the merits, could have endangered the health, welfare, and safety of the citizens of the town, as alleged in the town's petition. The alterations complained of consist of installation of electric wiring and fixtures, painting the building, installation of overhead doors, relocation of a stairway, laying of cement floors, installation of hydraulic lifts, relocation of a compressor unit, and construction of a paint booth.

The town could have limited its request for an injunction to prevent only further alterations or construction without a building permit, but instead sought and obtained an injunction against the conduct of all business operations. It could have waited until a hearing on the merits before obtaining a restraining order against the use of the property but instead chose to post a bond and obtain an injunction before a hearing on the merits. By choosing to file the bond, the town contractually bound itself to its terms. *Exeter v. Britton*, 115 N.H. 209, 211, 337 A.2d 356, 358 (1975). It also took the risk that it would not prevail on the merits. It is the final outcome in the proceeding which determines the right to damages. *Allen v. Newmarket Associates*, 96 N.H. 340, 343, 76 A.2d 920, 922 (1950).

While the injunction was in force, Spade was unable to conduct his business. Consequently, he presumably lost the profits normally generated by that business. He also incurred the expense of counsel to lift the injunction. The damages resulting from the injunction, if proved, may properly be recovered under the bond. *See Lefebvre v. Waldstein*, 101 N.H. 451, 456–57, 146 A.2d 270, 275 (1958); *Fowler v. Taylor*, 99 N.H. 64, 65, 104 A.2d 746, 747 (1954).

*Remanded.*

All concurred.